THE STATE v. HOLLENBECK *et al.*

1. **Criminal law:** ABORTION: JURISDICTION. In a prosecution for abortion under section 4221 of the Revision, the jurdisdiction is with the county wherein the medicine intended to produce a miscarriage was administered, and not in that where the miscarriage took place.

2. —— Section 4507, providing that where a public offense is committed in part in one county and part in another, or when the acts or effects constituting the offense occur in different counties, the jurisdiction is in either, does not apply, for the reason that the administering of the medicine with the intent charged makes the offense complete.

*Appeal from Calhoun District Court.*

FRIDAY, JANUARY 25.

THE facts of this case are fully stated in the opinion. The State appeals.

*M. E. Cutts,* attorney-general, and *C. H. Lewis,* district attorney, 4th district, for the State.

*H. B. Wilson* for the defendant.

COLE, J. — At the June term, 1871, of the Calhoun county district court, the grand jury returned into court an indictment as follows: The grand jury in and for the county of Calhoun, and State of Iowa, in the name and by the authority of the State of Iowa, accuse John W. Hollenbeck, Marcus Smith and Arsina Smith of the crime of abortion, committed as follows: The said John W. Hollenbeck, Marcus Smith and Arsina Smith, at the county of Carroll and State of Iowa, on the 4th day of July, 1870, did willfully administer to one Arsina Shidler (she, the said Arsina, then and there being a pregnant woman) some medicine, drug or substance, the exact name and character of which is to the grand jury unknown, with the intent then and there to produce a miscarriage on the person of her, the said Arsina, the said drug or substance not being necessary to save the life of the said Arsina Shidler;

and that on or about the 10th day of July, A. D. 1870, at the county of Calhoun and State of Iowa, the said drug or medicine aforesaid, given as aforesaid, produced a miscarriage on the body and person of the said Arsina Shidler, against the peace and dignity of the State of Iowa.

The defendants demurred to this indictment, because the district court of Calhoun county had no jurisdiction of the offense, it appearing from the indictment that the offense was committed in Carroll county, and also specified numerous other grounds. The court sustained the demurrer, and this ruling is the only assigned error.

The section of the statute upon which the indictment is based reads as follows: "Sec. 4221. That every person who shall willfully administer to any pregnant woman any medicine, drug, substance or thing whatsoever, or shall use or employ any instrument or other means whatever, with the intent thereby to procure the miscarriage of any such woman, unless the same shall be necessary to preserve the life of such woman, shall upon conviction thereof be punished," etc.

The offense defined by this statute consists in willfully administering the medicine, etc., with the intent to procure miscarriage. When the medicine is administered with that intent, the offense is complete, regardless of the result. If death ensue, the party may be guilty of murder or other crime, but that question is not involved in this case. The offense charged in this indictment being completed by administering the medicine, with the intent specified, in Carroll county, it follows that the district court of Calhoun county had no jurisdiction of the offense.

Our statute, which provides, "Sec. 4507. When a public offense is committed in part in one county and in part within another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county," has no bearing in this case, since the offense as charged was wholly consummated in Carroll county.

Affirmed.