State of Iowa, Appellant, v. Standard Oil Company of Indiana, Appellee.

**Monopolies:** INDICTMENT: SUFFICIENCY. Where an injury as contemplated by a statute has reference primarily to the general public the name of the person particularly injured or intended to be injured is not essential and need not be alleged in an indictment for the offense. Thus, an indictment under the statute prohibiting a monopoly or stifling of competition is not objectionable because the name of a competitor who suffers from the discrimination is not given.

**Same.** The purpose of section 5028b of the Code Supplement is not to prevent injury to the consumer by overcharging but rather to prevent injury to the public by stifling competition; and an indictment found in one county accusing defendant of charging less for the same grade of goods in another county than it charged in the county where the indictment was found does not state an offense committed in the latter county; as defendant could not destroy the business of a competitor in the latter county or create a monopoly there by charging a less rate in the other county.

**Same:** VENUE. As the offense under section 5028b of the Code Supplement is not committed until defendant has sold goods at a lower rate in one community than in another, the section of the statute providing for the punishment of an offense committed partly in one county and partly in another, or when the acts constituting or requisite to the offense occur in two or more counties, jurisdiction is in either county, has no application.

Same: INDICTMENT: SUFFICIENCY. An indictment under the statute
4 prohibiting monopoly or the stifling of competition by means of
"selling" goods at a lower rate in one community than in another
is not sufficient when accusing defendant of "charging" a lower
rate in one community than the other, for the words selling and
charging are not for all purposes synonymous.

*Appeal from Lyon District Court.*—HON. WM. HUTCH-
INSON, Judge.

THURSDAY, JANUARY 12, 1911.

THE defendant was indicted under chapter 169, Acts
31st General Assembly, for the offense of unfair commercial
discrimination in the sale of a petroleum product, to wit,
gasoline, between different communities, to wit, the town
of Alton, in the county of Sioux, and the town of Doon,
in the county of Lyon. A demurrer to this indictment
was sustained and the cause dismissed. From this judg-
ment, the state appeals.—*Affirmed.*

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,*
Assistant Attorney General, for the State.

*J. M. Parsons, Alfred D. Eddy* and *R. W. Stewart*
for appellee.

McCLAIN, J.—As some of the objections stated in the
demurrer to the indictment necessitate a careful considera-
tion of the language of the statute in determining what
act or acts are required to constitute the offense described,
and also a careful analysis of the indictment to determine
whether any act or acts prohibited by the statute are
charged as committed by the defendant, it will be neces-
sary to set out in full the portion of the statute purporting
to describe the offense and the indictment in which it was
attempted to charge an offense as thus described. The

section. of the statute which describes the offense denominated in the title of the act as "unfair commercial discrimination between different sections, communities or localities or unfair competition," is as follows (Code Supp., section 5028b):

Any person, firm, company, association or corporation, foreign or domestic, doing business in the state of Iowa, and engaged in the production, manufacture or distribution of petroleum or any of its products, that shall intentionally for the purpose of destroying the business of a competitor in any locality, and creating a monopoly .discriminate between different sections, communities or cities of this state, by selling such commodity at a lower rate in one section, community or city than is charged for such commodity by said party in another section, community or city, after making due allowance, for the difference if any, in the grade or quality and in the actual cost of transportation from the point of production, if a raw product, or from. the point of manufacture, if a manufactured product, shall be deemed guilty of unfair discrimination, which is hereby prohibited and declared to be unlawful.

The charging part of the indictment is in the following language:

The said Standard Oil Company of Indiana during the month of August, in the year of our Lord one thousand nine hundred and eight, in the county of Lyon, state of Iowa, aforesaid, being then and there a foreign corporation doing business in the state of Iowa, and then and there engaged in the distribution of a product of petroleum, to wit, gasoline, did then and there unlawfully, intentionally, and for the purpose of destroying the business of a competitor, and creating a monopoly, discriminate between different communities, to wit, the town of Alton, in the county of Sioux, in said state, and the town of Doon, in the county of Lyon, in said state, by charging a lower rate for the same grade of gasoline, after making due allowance for the difference in cost of transportation from the point of manufacture, in the said town of Alton than

in the said town of Doon, contrary to the statute in such case made and provided, and the defendant is hereby accused by the grand jury of Lyon County, Iowa, of unfair discrimination as aforesaid.

So far as this case is concerned, the statute prohibits on the part of a corporation doing business in this state and engaged in the distribution of petroleum or any of its products the intentional selling of such commodity at a lower rate in one community than is charged for such commodity by said distributor in another community, after making due allowance for the difference if any in the grade and quality and in the actual cost of transportation from the point of production or manufacture, such discrimination being for the purpose of destroying the business of a competitor in any locality and creating a monopoly, and the act charged in the indictment is that of unlawfully, intentionally, and for the purpose of destroying the business of a competitor and creating a monopoly discriminating between the town of Alton, in the county of Sioux, and the town of Doon, in the county of Lyon, by charging a lower rate for the same grade of gasoline, after making due allowance for the difference in cost of transportation, in the said town of Alton than in the said town of Doon.

I. One of the objections to the indictment raised by the demurrer is that the name of the competitor whose business was to be destroyed by this discrimination is not given; but as the offense is not, as described, one against the competitor injured, but against the public thereby deprived of the advantage of competition in the sale of petroleum products tending to produce a monopoly, we think the name of the competitor whose business the act of the defendant tended to destroy is immaterial. The ultimate wrong described by the statute is that of destroying competition—not that of injuring a particular competitor. The name of the per-

1. MONOPOLIES: indictment: sufficiency.

son actually injured need not be alleged when the injury done within the contemplation of the statute is to the public. Of course, an injury to the public results in injury to individuals, and, on the other hand, an injury to an individual, to his person, or property may be of such a character that for the general protection of other persons similarly situated the wrong is made criminal. In the one class of cases the public is the direct object of the injury committed; in the other the direct injury is to the individual, but there is a general resulting injury to the public justifying the punishment of the act as a public offense. In the former class the name of the individual injured is not essential in the description of the wrongful act, while in the latter such name is an essential part of the description of the act charged. It is clear that the statute under consideration has reference primarily to the public injury, and therefore the name of the person particularly injured or intended to be injured is not essential. *State v. Leasman,* 137 Iowa, 191. The case of *State v. Clark,* 141 Iowa, 297, related to the offense of cheating by false pretenses, and therefore is an illustration of the class of cases in which the injury charged was primarily to an individual, and in which the name of the individual injured was essential to the description of the offense.

II. Another objection raised by the demurrer was that the indictment did not show any act prohibited under the statute to have been committed in Lyon County, in which the town of Doon is situated. The averment of the indictment in this respect is that the defendant discriminated between the town of Alton, in Sioux County, and the town of Doon, by charging a lower rate for gasoline in Alton than it charged in Doon. It seems plain to us that the offense described by the statute is committed where an act is done for the purpose of destroying the business of a competitor in that locality and creating a monopoly. The defendant could

2. SAME.

not destroy the business of a competitor in Doon or create a monopoly there by charging a higher rate for gasoline in that community than it charged elsewhere. Such act, it is true, might result in disadvantage to people in Doon, but it would not result in the particular disadvantage which it was the purpose of the statute to prevent, to wit, the stifling of competition and the creation of a monopoly. While the general purpose of the statute was to prevent unfair discriminations, the very thing prohibited was the destroying of the business of a competitor and creating a monopoly by reason of such discriminations by selling at a lower rate in one community than in another, and it is evident that it is only where the sale is made at a lower rate that the offense described by statute is committed. The defendant would not primarily or directly stifle competition or create a monopoly at Doon by charging less for gasoline in some community in a remote part of the state. So far as this case is concerned, the prohibition of selling at a lower rate had reference to selling at Doon, and not selling in some other community, and, if any offense was committed under this statute by defendant charging a lower rate at Alton, such offense was not committed in Lyon County.

The offense is not one punishable in one of two or more counties at the election of the prosecution. It was not complete until the defendant sold at a lower rate in one community than the rate charged in another, and, when the unlawful act of selling at a lower rate was committed, then the crime was complete. Therefore plainly the provision of Code, section 5157, that "when a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county," does not apply. The fact that the criminality of the consummated act may ultimately depend on the

3. SAME:
   venue.

resulting consequences of the act occurring elsewhere does not make the act punishable in the county where the consequence results. *State v. Hellenbeck,* 36 Iowa, 112. If the charge had been of selling at a lower rate in the town of Doon for the purpose of stifling competition there, no indictment could have been returned for the crime as committed in another county where the higher rate was charged, and it necessarily follows that the act of selling in Doon at a higher rate than charged in Alton, if it indicated the commission of a crime, indicated such crime to have been committed in Sioux County, and not in the county of Lyon. Therefore, if the indictment charged any crime, it was a crime committed in Sioux County, and no prosecution could be had therefor in the county of Lyon.

III. But the real difficulty with the indictment is not that it charged an offense as committed in another county, but that it charged no offense as committed to Lyon County, and this objection was also raised by the demurrer. As already indicated, there could be no stifling of competition or creation of a monopoly in Doon by selling at a higher rate than in Alton. To constitute the offense alleged, there must have been a selling in Doon at a lower rate than in some other community. Proof of charging a lower rate in some other community would not support the allegation of an unfair discrimination for the purpose of destroying the business of a competitor and creating a monopoly in Doon. It is clear to us that the indictment was drawn under an entire misapprehension of the purpose of the statute, which, as above indicated, was not to prevent injury to the consumer by charging too much, but injury to the public by stifling competition and creating a monopoly, although for the time being the sale at the lower rate might have been to the consumer's advantage.

The indictment is perhaps also open to the objection that it alleges the "charging" of a lower rate at Doon, while the prohibition of the statute is that the corporation

shall not "sell" at a lower rate. The reasonable strict-
ness required in charging a crime for the
purpose of enabling defendant to know what
the act complained of is in order to meet
it by his testimony would seem fairly to require that, if
the offense consisted in selling at a lower rate than that
charged in another community, the fact of so selling should
be specifically alleged. "Selling" and "charging" are not
for all purposes synonymous. We can well imagine that
agents or distributors of defendant's commodities to whom
no title passed or was intended to pass might be charged
on account in different ways in different communities with-
out there being in fact any sales in those communities at
different rates. This suggestion is made in order that
greater caution may be taken in other cases in alleging
in accordance with the statute the very thing described as
constituting an offense.

4. Same:
indictment:
sufficiency.

Other questions are discussed, but, as the court did
not err in sustaining the demurrer which properly raised
the objections above referred to, we need not discuss other
objections which may or may not have been grounds on
which the court acted in sustaining the demurrer. One
of these objections was the unconstitutionality of the stat-
ute, but we would properly be reluctant to declare the
statute unconstitutional unless a ruling on that question
were essential to the decision of the case.

The judgment of the trial court is therefore *affirmed.*