## B. V. D. CO., Inc., et al. v. DAVEGA–CITY RADIO, Inc., et al.

District Court, S. D. New York.

Sept. 15, 1936.

Frank I. Schechter, of New York City (Frank I. Schechter and Eugene J. Raphael, both of New York City, of counsel), for complainants.

Scandrett, Tuttle & Chalaire, of New York City (Walter Chalaire, of New York City, of counsel), for defendants.

CLANCY, District Judge.

This is a motion for a preliminary injunction. The complaint and the moving papers set forth the history of the B. V. D. trade-mark, and allege that the complainant, the B. V. D. Company, Inc., and its predecessors have expended in excess of $1,000,000 in advertising its various products, and that since the year 1930, when it commenced the manufacture of bathing suits, it has expended in the United States, in advertising these suits, a sum in excess of $250,000. It is further alleged in the complainants' affidavits and admitted by the defendants' affidavits that the defendant Davega-City Radio, Inc., operates 25 retail stores in New York City, White Plains, and Newark, N. J.

The complaint contains three causes of action. The second cause of action alleges an infringement of the complainants' trade-mark by its close juxtaposition and immediate proximity, in both its newspaper advertisements and window display cards, to the defendants' trade-mark "Swim Fast." The complainants' attorney submits no authority to sustain his contention that use of a competitor's trade-mark in immediate proximity to one's own constitutes an infringement of the competitor's trade-mark, and I would find difficulty in believing that his contention could find support. One who buys another's goods may use or sell them with the latter's trade-mark on them. Gorham Mfg. Co. v. Emery-Bird-Thayer Dry-Goods Co. (C.C.) 92 F. 774.

The third cause of action in the complaint alleges that the form of advertising employed by the defendants was intended to procure and did procure the sale of the defendants' swim suits to the consuming public in supply of a demand for the complainants' suits. This claim is supported only by isolated instances appearing in the moving affidavits which are contradicted by the defendants' affidavits, and I think the question of fact involved should not be decided on affidavits.

The first cause of action alleges that during the month of July, 1936, the defendants caused to be inserted in daily newspapers advertisements from which it was made to appear by the defendants that the consuming public could purchase as an exceptional bargain, at any of their stores, for the sum of $2.74 each, ladies' swim suits of the complainants, represented by the defendants as being "Regularly up to $5.00" or "Up to $5.00."

The newspaper advertisements consist of two types. One is the so-called "Three-Girl" advertisement which contains the following statement: "B. V. D. and Swim-Fast, All-Wool Swim Suits, Regularly up to $5.00, Now $2.74. Nationally famous fine quality All-Wool Swim Suits sensationally priced at Davegas!" The other is the so-called "One-Girl" advertisement, and states: "Sensational Sale. 2,000 All-Wool B. V. D. and Swim-Fast Swim Suits. Values up to $5.00—$2.74." The window and interior advertising complained of comprised placards or posters, which contained the complainants' trade-mark consisting of the letters B. V. D. in a rectangular form and sometimes the letters with the legend, "Made for the best retail trade,"

in a rectangular form, and the defendants' trade-mark "Swim Fast" with the following statement: "Regularly up to $5.00. Your Choice—$2.74." Through the $5 lines were drawn. In the larger window and counter posters the B. V. D. trade-mark was featured first and in the smaller window displays the defendants' "Swim Fast" trade-mark was featured first. It will be noted that the expression "Your Choice" appears in the store window and counter advertisements, and not in the newspaper advertising.

The defendants have submitted copies of letters from the advertising managers of New York daily newspapers in which the defendants' advertisements complained of, and above described, appear. These letters unanimously approve the form of the defendants' advertising so long as the defendants had in stock either B. V. D. or Swim Fast suits of a value up to $5. The fact is and it is now admitted by the defendants that the only B. V. D. suits which were intended to be included in the sale were those bearing tags with the complainants' suggested retail price of $3.95. The defendants had B. V. D. suits bearing tags with the complainants' suggested retail price of $4.95, but the complainants' shopping tests showed that these were sold for $3.88. I am compelled to disagree with the construction of the advertisements made by the advertising managers who approved them, for, in my opinion, the plain meaning of the language employed in the newspaper advertisements is that B. V. D. suits of a value up to $5 were available to purchasers, and that the admitted failure of the defendants to supply B. V. D. suits of a value in excess of the manufacturer's suggested retail price of $3.95, makes the advertising to that extent deceptive and misleading, and I have no doubt that the addition in the store window and counter advertising of the words "Your choice" indicates if not a number of B. V. D. suits of a value regularly up to $5, substantially equal to the number of the defendants' suits in the merchandise for sale, at least a fair chance for the prospective purchaser to obtain such a suit, and that, therefore, the store window and counter advertising was not warranted by and was not in accordance with the fact, and was deceptive.

Whether the court should enjoin the use of such advertising by the defendants presents a close question. I have no authorities directly in point, but, as the facts are undisputed, I think the court should enjoin, pendente lite, what it is convinced is unfair in the defendants' conduct. International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211, 2 A.L.R. 293; Tanqueray Gordon & Co., Ltd., v. Gordon (D.C.) 10 F.Supp. 852. The law of unfair competition should walk at least shoulder to shoulder with commerce. Premier-Pabst Corporation v. Elm City Brewing Co. (D.C.) 9 F.Supp. 754; "Nims on Unfair Competition," chapter I and section 9a. It is argued by the defendants that since a tag plainly showing the B. V. D. suggested retail price of $3.95 was attached to each B. V. D. suit offered for sale, no purchaser could possibly be deceived, and that therefore neither the consuming public nor the complainants suffered any damage. It may be true that the purchaser who wished to obtain a B. V. D. bathing suit and discovered that the $4.95 B. V. D. suits were not on sale for $2.74 had lost nothing but his time and the effort required for shopping, and that such deception of the public alone would not be sufficient basis for the maintenance of this action by the complainants. American Washboard Co. v. Saginaw Mfg. Co. (C.C.A.) 103 F. 281, 50 L.R.A. 609; "False and Misleading Advertising," 39 Yale Law Journal, page 22. But it does not follow that the complainants were not damaged by the form of advertising and window display cards. Without emphasizing the effect which the defendants' advertising tactics had on the consuming public who had actually entered the Davega stores in an attempt to purchase B. V. D. suits of a value regularly up to $5 and had met with disappointment, we must consider the effect of the newspaper advertising and the window displays upon the public who saw them and never entered the defendants' stores. All these persons might well conclude that the complainants could profitably sell their swim suits of a value "Up to $5.00" at wholesale prices that permitted their retail sale for $2.74, and it cannot fairly be said that such a conclusion, apparently well founded, would not generate in the opinion of the consuming public a depreciated valuation of the merchandise of the complainants or would not divert business from the complainants as a result of such changed views of the value of their merchandise.

I am not unmindful of the fact that price cutting is permitted to a retailer even though it might result in an injury to a

wholesaler or competitor. B. V. D. Co. v. Morris Isaac, 9 T.M.Rep. 82; Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502; Doubleday, Doran & Co. v. R. H. Macy & Co., 269 N.Y. 272, 199 N.E. 409, 103 A.L.R. 1325. But it is unfair in a competitor to put a cut price upon goods and at the same time to make statements regarding the goods so offered for sale which are inaccurate and misleading. Cheney Brothers v. Gimbel Brothers (D.C.) 280 F. 746; Ford Motor Co. v. Benjamin E. Boone, Inc. (C.C.A.) 244 F. 335. "Nims on Unfair Competition," § 300, says: "The naming of prices is held to become unfair or fraudulent only in connection with other acts on the part of the seller naming the price, or conditions prevailing at the time of the sale. There is little doubt, however, that price may be used as an instrument of fraud, now that advertising plays so important a part in merchandising."

The defendants oppose the application for a preliminary injunction on the ground that the complainants' motives are not bona fide, in that they are seeking to control the retail selling price of their product by injunction. No evidence of such a motive appears. If such is the fact, the defendants have their remedy in appropriate proceedings. O. & W. Thum Co. v. Dickinson (C.C.A.) 245 F. 609, certiorari denied 246 U.S. 664, 38 S.Ct. 334, 62 L.Ed. 928; Coca-Cola Co. v. Gay-Ola Co. (C.C.A.) 200 F. 720, certiorari denied 229 U.S. 613, 33 S.Ct. 773, 57 L.Ed. 1352.

The defendants charged the complainants with unclean hands, because without sufficient demand upon the defendants to discontinue the advertising complained of they procured action by the district attorney of New York county and because they released to the press news of the institution of this action and the filing of two informations by the district attorney. This defense I think is without merit.

Finally, the defendants claim to have discontinued entirely the sale or offering for sale of complainants' bathing suits and thus to have eliminated all cause for complaint and all reason for a temporary injunction. The record discloses that the defendants discontinued the objectionable window displays on the day following receipt of notice from the district attorney of the complaint made by the complainants. They have maintained in this court that their advertising is unobjectionable. Under such circumstances, I believe the injunction should issue, as it cannot harm the defendant and as it may protect the plaintiffs. Wesson v. Galef (D.C.) 286 F. 621. See too, American Medicinal Spirits Co. v. United Distillers, Ltd. (C.C.A.) 76 F.(2d) 124; Sears, Roebuck & Co. v. Federal Trade Commission (C.C.A.) 258 F. 307, 6 A.L.R. 358.

An injunction will accordingly issue, restraining the defendants from representing in any newspaper or magazine advertisement or in any sign, placard, poster, or notice for display that they are selling or offering for sale B. V. D. bathing suits of a "Value up to $5.00," or "Up to $5.00," or "Regularly up to $5.00," for a price of $2.74, unless the defendants are actually offering for sale and selling at $2.74 B. V. D. bathing suits which are in truth of a value up to $5.

Settle order on two days' notice in accordance with the above, which order shall provide for the giving of a bond by the complainants as provided for in 28 U.S.C.A. §.382.