[Civ. No. 11292. First Appellate District, Division One.—May 10, 1940.]

H. H. GREEN, Appellant, v. GRIMES–STASSFORTH STATIONERY COMPANY (a Corporation) et al., Respondents.

Desser & Rau, Milton N. Sherman and Jack L. Rau for Appellant.

Michael F. Shannon, Thomas A. Wood and Farrand &. Slosson for Respondents.

PETERS, P. J.—Plaintiff appeals from a judgment of dismissal entered after the sustaining of demurrers of the two defendants to his second amended complaint.

The action was brought under the provisions of the Unfair Practices Act as amended in 1935 (Stats. 1913, p. 508, amended by Stats. 1935, p. 1546, Deering's Gen. Laws, 1935 Supp., Act 8781, p. 2063) to obtain a mandatory injunction ordering defendants to sell certain filing supplies to plaintiff at the same price at which they sell such supplies to other dealers in the same neighborhood as plaintiff in Los Angeles, and for actual and punitive damages.

The second amended complaint alleges that the plaintiff maintains a retail store in Los Angeles selling stationery and filing supplies; that defendants are engaged in the business of selling stationery and filing supplies at retail and wholesale, and are jobbers and wholesalers of said supplies in Los Angeles; that defendant Grimes-Stassforth Stationery Company is the exclusive agent for the Shaw-Walker line of filing cabinets and supplies in the Los Angeles area and defendant Schwabacher-Frey Company for the Globe-Wernicke line of such supplies; that during the two years preceding the filing of the complaint plaintiff purchased supplies and stationery from the defendants, including supplies in the above lines, at the regular dealers' discounts of 33⅓ to 40 per cent on filing supplies, and 10 to 20 per cent on stationery supplies; that in November, 1936, defendants, with intent to destroy competition and to discriminate against plaintiff, refused to sell filing supplies of the above lines to plaintiff at the dealers' or any other discount, and demanded the retail price therefor, which plaintiff paid; that defendants still continue to demand the retail price for these supplies from plaintiff,

while selling to other retail stationery stores located in the same neighborhood as plaintiff at the regular dealers' discount. Pertinent allegations of damage are made as to each defendant, and in a third cause of action it is alleged that defendants conspired to discriminate against plaintiff, and refused to sell to him at wholesale prices pursuant to such conspiracy.

The constitutionality of the Unfair Practices Act is no longer open to question. Since the filing of the briefs herein, the Supreme Court has upheld the constitutionality of the act. (*Wholesale T. Dealers* v. *National etc. Co.*, 11 Cal. (2d) 634 [82 Pac. (2d) 3, 118 A. L. R. 486] ; see, also, *Max Factor & Co.* v. *Kunsman*, 5 Cal. (2d) 446 [55 Pac. (2d) 177], affirmed by the United States Supreme Court, 299 U. S. 198 [57 Sup. Ct. 147, 81 L. Ed. 122], holding constitutional the Fair Trade Act as amended in 1933 [Stats. 1933, p. 793].)

Section 1 of the Unfair Practices Act, *supra,* as amended in 1935, so far as is pertinent here, reads as follows: ''It shall be unlawful for any person, firm, or corporation, doing business in the State of California and engaged in the production, manufacture, distribution or sale of any commodity, or product, . . . of general use or consumption, . . . with the intent to destroy the competition of any regular established dealer in such commodity, product or service, or to prevent the competition of any person, firm, private corporation, . . . who or which in good faith, intends and attempts to become such dealer, to discriminate between different sections, communities or cities or portions thereof, or between different locations in such sections, communities, cities or portions thereof in this State, by selling or furnishing such commodity, product or service at a lower rate in one section, community or city, or any portion thereof, or in one location in such section, community, or city or any portion thereof, than in another *after making allowance for difference, if any, in the grade or quality, quantity and in the actual cost of transportation from the point of production, if a raw product or commodity, or from the point of manufacture, if a manufactured product or commodity. . . .* '' (Italics ours.)

Respondents seek to sustain the action of the trial court in sustaining the demurrers on the ground that section 1 of the act, *supra,* only prohibits price discrimination between different localities or neighborhoods, and does not prohibit

price discrimination as against individual dealers, which is the only discrimination alleged in the complaint. Respondents also urge that the complaint fails to state a cause of action within the above-quoted section 1 for the reason that the filing supplies of which they are the exclusive agents are not articles of "general use or consumption" within the meaning of the section.

We do not find it necessary to pass on these two points on their merits for the reason that there is a third attack made on the sufficiency of the complaint by respondents that seems to us to be sound.

Section 1, *supra,* provides that, in determining whether a dealer is guilty of price discrimination, an allowance may be made for the "difference, if any, in the grade or quality, quantity and in the actual cost of transportation" of the commodity. The complaint alleges that the defendants refused to sell filing supplies to plaintiff at dealers' discounts, and demanded and received the full retail price therefor, and that the defendants continue to demand the retail price for all purchases of these supplies sought to be made by plaintiff. The particular purchase alleged against respondent Grimes-Stassforth Stationery Company amounted to $2.20, while the particular purchase alleged against Schwabacher-Frey Company amounted to $3.21. The complaint further alleges that respondents are selling the designated filing supplies to other retail stationery stores located in the same neighborhood as plaintiff at dealers' discounts, but that the retail price was demanded from plaintiff, and a discount refused "with the wrongful and unlawful intent to discriminate against plaintiff", and "with the intent to destroy the competition of plaintiff in said articles". Respondents contend that the above allegations do not negative a difference in price based on the quantity purchased, and that it would appear from the complaint that plaintiff is demanding the wholesale price for retail quantities.

The complaint attempts to state a statutory cause of action predicated entirely upon the terms of the Unfair Practices Act. Under section 1, *supra,* it is not every difference in price that is made unlawful, but only those differences, made with the requisite intent, that cannot be justified after a proper allowance has been made for differences in grade, quality, quantity or cost of transportation. The complaint

fails to allege that the respondents sold to other dealers in the same quantities as are here involved at a discount, and fails to allege that the price differences which are alleged were not based on differences in grade, quality or quantity. This was an essential allegation. ■ Where a party relies for recovery upon a purely statutory liability it is indispensable that he plead facts demonstrating his right to recover under the statute. The complaint must plead every fact which is essential to the cause of action under the statute. Where a party relies on a statute which contains a limitation in the clause creating and defining the liability, as here, such limitation must be negatived in the complaint. These principles supported by authorities from many states are fully set forth in 49 Corpus Juris, sections 167 and 169, pages 151 and 153. (See, also, 21 Cal. Jur., sec. 36, p. 60; 21 R. C. L., sec. 7, p. 443.) In *Bailey Trading Co.* v. *Levy*, 72 Cal. App. 339, 344 [237 Pac. 408], in considering a similar problem, the court stated: "In construing the complaint to determine what the answer to that question should be, we must keep in mind the proposition that the relief sought herein is one which is alone afforded or authorized by statute—that is to say, the plaintiffs are relying upon a right given solely by statute, and that the rule is that where an action is founded on a statutory right or a right deducible wholly from statute, the plaintiff must, by his complaint, bring himself squarely and clearly within the terms or provisions of the statute upon which he relies or must rely to state a cause of action. 'When a pleader wishes to avail himself of a statutory privilege or right given by particular facts, he must show the facts, and those facts which the statute requires as a foundation of the action must be stated in the complaint. . . . In remedial actions founded on a statute such averments must be made as are necessary to prove the case within the statute.' (Sutherland on Code Pleading and Practice, sec. 5630. See, also, *Dye* v. *Dye*, 11 Cal. 163, 167, 168; *Himmelman* v. *Danos*, 35 Cal. 441, 448; *County of San Luis Obispo* v. *Hendricks*, 71 Cal. 242, 246 [11 Pac. 682].)"

■ It cannot be successfully contended that the allegation that respondents refused to sell to appellant at a discount "with the wrongful and unlawful intent to discriminate" against appellant is a sufficient allegation. Under the statute, even though respondents intended to discriminate

against appellant, if such discrimination was in fact predicated upon differences in quantity, no liability would attach to respondents. The allegation that the discrimination was "wrongful" and "unlawful" can in no way assist appellant. Such allegations are mere legal conclusions, and are surplusage, and insufficient to raise an issue of fact. (21 Cal. Jur., sec. 16, p. 31.)

The demurrers were sustained with leave to amend. Appellant did not see fit to take advantage of the right to amend, so cannot now object that the defect in the complaint could be cured by amendment.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.