FOX, J.
 

 Plaintiff seeks, through proceedings in unlawful detainer, to recover from defendant the possession of certain described premises in the city of Los Angeles. Plaintiff alleges that he owned said premises prior to November 1, 1942 (the effective date of O.P.A. Rent Regulation in this Defense-Rental Area), and that defendant occupies the same on a month to month tenancy. Plaintiff further alleges that on September 4, 1943, he served on defendant a written notice terminating her tenancy on October 4, 1943, and that he gave a copy of said notice to the O.P.A. area rent office within twenty-four hours after service upon defendant. A copy of this notice is set out in the complaint. To the complaint, defendant filed a general demurrer, which was overruled. Defendant did not answer. Thereafter, a default judgment by the court was entered in favor of plaintiff. Defendant appeals from this judgment, contending that the complaint fails to state a cause of action and that therefore her demurrer should have been sustained. This contention must be upheld.
 

 In order for a plaintiff to state a cause of action in a proceeding of this kind, which is statutory in character
 
 (Seidell
 
 v.
 
 Anglo-California Trust Co.
 
 (1942), 55 Cal.App.2d 913, 920 [132 P.2d 12]), he must plead compliance with the applicable provisions of the O.P.A. Rent Regulation for Housing (8 Fed. Register 7322, issued pursuant to the Emergency Price Control Act of 1942, Pub. L. No. 421, 77th Cong., 2d Sess., ch. 26; 56 Stat. 29). (See
 
 McLain
 
 v.
 
 Llewellyn Iron Works
 
 (1922), 56 Cal.App. 60, 65-6 [204 P. 869];
 
 *Supp. 853
 

 Bailey Trading Co.
 
 v.
 
 Levy
 
 (1925), 72 Cal.App. 339, 344-5 [237 P. 408] ;
 
 Green
 
 v.
 
 Grimes-Stassforth Stationery Co.
 
 (1940), 39 Cal.App.2d 52, 56 [102 P.2d 452].) This the plaintiff failed to do. In the first place, the notice to the defendant, which he pleads, is insufficient. Section 6(d)(1) of the said rent regulation, provides that: “Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant.” In this connection, the notice to defendant recites that “The undersigned (the plaintiff) desires the possession of said premises for his own use in order that the same may he occupied by him.” Plaintiff is apparently attempting to bring himself within the self-occupancy provision of section 6(a) (6) of said regulation. Under the terms of this latter subdivision, provision is made for the recovery of possession of housing accommodations by a landlord (owner of the property prior to November 1, 1942) who “seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself.” The element of good faith is the criterion of the owner’s right to recover possession of housing accommodations for such purpose.
 
 (Bumgarner
 
 v.
 
 Orton
 
 (1944),
 
 ante,
 
 p. 841 [146 P.2d 67].) Such an owner must, therefore, state in his notice to the tenant that he seeks
 
 in good faith
 
 to recover possession of the housing accommodations in question for the aforesaid purpose, and he must allege in his complaint that he gave the tenant such a notice. The notice which plaintiff served on defendant made no mention of plaintiff’s good faith, and was, therefore, wholly insufficient to meet the requirement of the O.P.A. rent regulation (sec. 6(d)(1),
 
 supra).
 

 Plaintiff’s complaint fails to state a cause of action for the further reason that there is no allegation therein of any ground for the removal of the defendant under the said O.P.A. rent regulation. Section 6 of said regulation enumerates a number of grounds for the removal of a tenant. To state a cause of action for a tenant’s removal, a landlord must allege facts which bring his case within one of the specified grounds.
 

 We may assume from the wording of the notice to the defendant that plaintiff desires possession of the premises for his own occupancy. However, even if this statement in the notice to the tenant were a sufficient statement (which it is not) of one of the grounds for the latter’s removal, it
 
 *Supp. 854
 
 nevertheless could not serve as an allegation of that fact in the complaint. Matters of substance must be alleged in direct terms and not by way of recital or reference. Whatever is an essential element to a cause of action must be presented by distinct averment, and cannot be left to an inference to be drawn from the construction of or' recitals in a document attached to or incorporated in a complaint.
 
 (Burkett
 
 v.
 
 Griffith
 
 (1891), 90 Cal. 532, 542 [27 P. 527, 25 Am.St.Rep. 151, 13 L.R.A. 707];
 
 Hibernia, S. & L. Society
 
 v.
 
 Thornton
 
 (1897), 117 Cal. 481, 483 [49 P. 573];
 
 Hayt
 
 v.
 
 Bentel
 
 (1913), 164 Cal. 680, 686 [130 P. 432];
 
 People
 
 v.
 
 Reid
 
 (1924), 195 Cal. 249, 260 [232 P. 457, 36 A.L.R. 1435];
 
 California Trust Co.
 
 v.
 
 Gustason
 
 (1940), 15 Cal.2d 268, 272-3 [101 P.2d 74].)
 

 In order for plaintiff to state a cause of action, it was necessary for him, by appropriate allegations, to allege directly in his complaint that he, in good faith, sought to recover possession of the housing accommodations in question for his immediate use and occupancy as a dwelling. There is a total absence of such an allegation in the complaint. Hence, the rule of liberal construction of pleadings provided by section 452, Code of Civil Procedure, is inapplicable here.
 
 (Howard
 
 v.
 
 D.
 
 W.
 
 Hobson Co.
 
 (1918), 38 Cal.App. 445, 449 [176 P. 715];
 
 Estrin
 
 v.
 
 Superior Court
 
 (1939), 14 Cal.2d 670, 677 [96 P.2d 340] ;
 
 Feldesman
 
 v.
 
 McGovern
 
 (1941), 44 Cal.App.2d 566, 571 [112 P.2d 645].) Nor may we assume that this issue was tried with the consent of the defendant, since the judgment of the court was by default, the defendant having elected to stand upon her demurrer.
 

 The judgment is reversed, and the trial court is directed to sustain the demurrer. Appellant shall recover her costs of appeal.
 

 Shaw, P. J., and Kincaid, J., concurred.