**CAT'S PAW RUBBER CO., Inc. v. BARLO LEATHER & FINDINGS CO., Inc.**

United States District Court
S. D. New York.

Nov. 15, 1951.

Milton Handler, New York City, for plaintiff.

Arab & Meyerson, Brooklyn, for defendants.

IRVING R. KAUFMAN, District Judge.

Defendants move for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff's rubber heels and rubber products have gained considerable renown in the metropolitan New York area. The products are widely advertised and they apparently enjoy an estimable repute. Authorized wholesalers in the metropolitan region distribute the products. They are constrained by resale price agreements with plaintiff and they in turn are bound, under the terms of that agreement, to sell only to retailers who agree to sell at established minimum prices.

Plaintiff brings this action against defendants, claiming unfair competition. Allegedly, defendant Barlo is not an authorized distributor of plaintiff's products. Plaintiff claims three continuing unfair trade practices of defendants: (1) Inducing plaintiff's authorized distributors to breach their contracts with plaintiff; (2) Improper use of plaintiff's trademark; (3) Sales of plaintiff's products below cost for the purpose of injuring plaintiff. Defendants contend that the complaint is insufficient and enter this motion.

All material factual allegations of the plaintiff must be taken to be true for the purposes of this motion. The motion raises only questions of law arising out of the pleadings, and in considering it all facts alleged in opposition to the motion are accepted, the question being whether, on those facts, plaintiff has stated a cause of action. Friedman v. Washburn Co., 7 Cir., 1944, 145 F.2d 715. Behrens v. Skelly, D.C.W.D.Pa. 1948, 76 F.Supp. 75, affirmed, 3 Cir., 173 F.2d 715, certiorari denied 338 U.S. 821, 70 S.Ct. 66, 94 L.Ed. 498. For purposes of the motion, defendants' denials are without effect. McDonald v. Du Maurier, 2 Cir. 1944, 144 F.2d 696.

Plaintiff alleges an actionable inducement to breach of contract. As a general proposition of law, inducement to breach is an actionable tort. Philadelphia Record Co. v. Leopold, D.C.S.D.N.Y. 1941, 40 F.Supp. 346: Truax v. Raich, 1915, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131. Defendants, it is alleged, knowingly induced plaintiff's distributors to breach their contracts with plaintiff by acquiring quantities of merchandise from plaintiff's distributors without entering into the required resale price agreements. Defendants assert that their alleged conduct is immunized by the holding of the Supreme Court in Schwegmann Bros. v. Calvert Distillers Corp., 1951, 341 U.S. 384, 71 S.Ct. 745, 95 L. Ed. 1035. I do not agree. The facts in that case were sharply different from the case at bar. The Supreme Court held that non-signers were not bound by the terms of resale price agreements between a manufacturer and his distributors and retailers, which agreements were valid under State Fair Trade laws. The case at bar is distinctly not the instance of a distributor induced to breach his resale price contract to meet the competition of a non-signer. In such case a suit for inducement to breach, to circumvent the Schwegmann rule, might not lie.

Plaintiff's claim here is that defendants induced plaintiff's distributors to breach by selling to them without exacting an agreement to maintain the resale price, at a time when they knew the distributors were bound by a fair trade agreement with plaintiff. Under New York law, inducement to breach a contract is actionable only where it is *intentional*—and this plaintiff alleges. The ultimate determination on the merits will be made at trial. As framed, the claim is surely sufficient.

Plaintiff further asserts in its action for unfair competition that defendants, through improper use of its trade mark has done irreparable harm. The complaint alleges that defendants used plaintiff's heels as a so-called "loss-leader", advertising them for sale at prices below cost when they had on hand a minimal stock unable to meet the demand they were stimulating. An analogous case was heard in this district in B. V. D. Co. v. Davega-City Radio, D.C. S.D.N.Y. 1936, 16 F.Supp. 659, 661. The court there said: "I am not unmindful of the fact that price cutting is permitted to a retailer even though it might result in an injury to a wholesaler or competitor. * * But it is unfair in a competitor to put a cut price upon goods and at the same time to make statements regarding the goods * * * which are inaccurate and misleading."

Plaintiff contends that at no time did defendants have the ability *or* the intention of meeting their advertising claims. This is sufficient.

Plaintiff also claims that defendants have cut prices below cost with intent to do plaintiff irreparable harm. Competitive price cutting is a legitimate practice. B. V. D. v. Davega, supra. Predatory price cutting with malicious intent may in rare instances be actionable. See Nims, Unfair Competition and Trade Marks, 4th ed., Sections 182, 300, 301(a).

Plaintiff cites in support of its contention Gordon, Wolf, Cowen Company, Inc. v. Independent Halvah & Candies, Inc., D.C.S.D.N.Y., 9 F.R.D. 700, decided by Judge Bondy in 1949. The case is not clearly in point. It involved an action brought under Section 3 of the Robinson Patman Act, 15 U.S.C.A. § 13a, for alleged destructive price cutting for purposes of gaining a monopolistic position. The action here is for unfair competition. It is not brought under any specific regulatory

statute. However, plaintiff's complaint has been found sufficient to withstand defendants' motion for dismissal on two of the unfair practices alleged. It seems unnecessary at this time to determine the validity of the third allegation, when such a determination may more aptly be made by the trial court.

The motion to dismiss is denied in all respects. Settle order.