DES MOINES AREA DAIRY QUEEN STORE OPERATORS AND OWNERS, INC., and Members of Said Corporation, Appellants,

v.

WAPELLO DAIRIES, INCORPORATED, d/b/a Village Dairy and d/b/a Dairyland, Inc., and Dairy Queen of Polk County, Inc., Appellees.

No. 2–56643.

Supreme Court of Iowa.

Feb. 19, 1975.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellants.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, Dwight W. James and Richard A. Malm, Des Moines, for appellees.

Heard before REYNOLDSON, Acting C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the question of whether plaintiffs' petition alleges a cause of action for price discrimination.

Plaintiffs are owners and operators of Dairy Queen stores in the area of Des Moines, Iowa. Defendants are suppliers of products to plaintiffs. Plaintiffs filed a petition in which they sought damages and injunctions and alleged that for a time prior to September 1, 1972, defendants "unfairly and illegally discriminated against the Plaintiffs and particularly violated Chapter 551 of the Iowa Code by charging Plaintiffs, in or near Polk County, Iowa, an overcharge of three cents (3 cents) per gallon for supplies sold to said Plaintiffs . . in excess of the charge made . . . for said supplies to other customers. . . ." Plaintiffs further alleged:

> Said overcharges by said Defendants to said Plaintiffs during said periods were unfair and illegal discrimination under Chapter 551 of the Iowa Code and all contracts or agreements between the parties that included said overcharges are void under Section 551.5 of the Iowa Code, and therefore, Defendants should refund to Plaintiffs all the charges, including said overcharges, made by Defendants to Plaintiffs for all of said supplies that included said overcharges sold to Plaintiffs by Defendants during said periods.

Also:

> Said discriminatory and illegal sales by Defendants to Plaintiffs violated the United States Anti-Trust Laws and Plaintiffs are entitled to treble damages from Defendants in this matter.

Defendant Dairy Queen of Polk County moved to dismiss the petition on two grounds: the petition does not show that the acts were done to create a monopoly or destroy the business of a competitor, and Iowa courts lack jurisdiction insofar as the claim is based on federal antitrust laws. The trial court sustained the motion on both grounds.

Plaintiffs did not exercise their right to amend as permitted by rules 86 and 88, Rules of Civil Procedure. See Nesper Sign & Neon Co. v. Nugent, 168 N.W.2d 805 (Iowa). Instead, they appealed. They contend here that neither ground of the motion to dismiss is good.

Plaintiffs appear to base their claim on the federal and state price-discrimination statutes, but the parties also argue the question of whether plaintiffs stated a common-law cause of action for price discrimination. As we view the case, we need go no further than the ground of the motion to dismiss that the petition does not show the acts were committed to create a monopoly or destroy a competitor.

I. *Federal Price-Discrimination Statute.* Proceeding first to federal law, we pass the question of whether state courts may entertain a claim founded on violation of the federal price-discrimination statute. But see 15 U.S.C. § 15 ("may sue therefor in any district court of the United States"); Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, reh. den. 320 U.S. 809, 64 S.Ct. 27, 88 L.Ed. 489. We also pass the interstate commerce problem. Belliston v. Texaco, Inc., 455 F.2d 175 (10 Cir.), cert. den. 408 U.S. 928, 92 S.Ct. 2494, 33 L.Ed.2d 341; Rose v. Vulcan Materials Co., 282 N.C. 643, 194 S.E.2d 521.

Insofar as federal price-discrimination legislation is concerned, the petition is apparently founded on § 13 of Title 15, United States Code. In general, this statute outlaws price discrimination when several conditions exist, one of which is "where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . .."

Plaintiffs must of course allege *facts* constituting a cause of action. Rule 70,

R.C.P. ("The petition shall state . . . the facts constituting the cause or causes of action"). See Green v. Grimes-Stassforth Stationery Co., 39 Cal.App.2d 52, 102 P.2d 452. The gravamen of an action under § 13 is the anti-competitive effect of the alleged discrimination, and a pleading which fails to allege facts showing anti-competitive effects is deficient. Among the numerous decisions so holding are Elizabeth Hospital, Inc. v. Richardson, 269 F.2d 167 (8 Cir.); Crummer Co. v. du Pont, 223 F.2d 238 (5 Cir.); Feddersen Motors v. Ward, 180 F.2d 519, 522 (10 Cir.) ("While detail is not necessary, it is essential that the complaint allege facts from which it can be determined as a matter of law that by reason of intent, tendency, or the inherent nature of the contemplated acts, the conspiracy was reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce."); Black & Yates v. Mahogany Ass'n, 129 F.2d 227 (3 Cir.); Lipson v. Socony-Vacuum Corp., 76 F.2d 213 (1 Cir.); Baum v. Investors Diversified Services, Inc., 286 F.Supp. 914, 920 (N.D.Ill.) ("It is well settled that plaintiffs must allege facts showing reasonable probability of 'an injury to competition' or the complaint will be dismissed for failure to state a claim. . . . Recognizing that, the plaintiffs allege that they 'have suffered an adverse effect and competitive harm by reason of unjustifiable discriminatory cumulative quantity discounts granted by defendant in the sale of mutual fund shares to others of its buyer investor customers competing with Plaintiffs.' But conclusory legal allegations cannot supply the factual allegations of competitive harm necessary under the Act."); Smith-Victor Corp. v. Sylvania Electric Products, Inc., 242 F.Supp. 302 (N.D.Ill.); National Used Car Market Report, Inc. v. National Automobile Dealers Ass'n, 108 F.Supp. 692, 694 (D.C.) ("The Court believes that the effect upon competition is alleged only in the language of the statute, and that such allegation is only a conclusion of the pleader without facts to support it.").

■ These decisions are persuasive on the pleading question. Plaintiffs here did not allege facts showing anti-competitive effects, and we hold that their petition is insufficient to state a cause of action under § 13 of the federal antitrust statute.

II. *Iowa Price-Discrimination Statute.* The pertinent provision of the Iowa statutes is § 551.1 of the Code. This is an area price-discrimination law, of a kind found in several states. See Note, 32 Col.L.Rev. 347. We assume arguendo that plaintiffs' petition alleges defendants charged different prices in different areas. Plaintiffs' problem, however, is that the purpose of the Iowa statute is similar to that of the federal statute—prohibition of anti-competitive effects. Farmers Co-operative Ass'n v. Quaker Oats Co., 233 Iowa 701, 7 N.W.2d 906; State v. Fairmont Creamery Co., 153 Iowa 702, 133 N.W. 895; State v. Standard Oil Co. of Indiana, 150 Iowa 46, 129 N.W. 336; 1934 Ops. Iowa Atty. Gen. 634. The Iowa statute prohibits price differences in different areas "for the purpose of destroying the business of a competitor in any locality or creating a monopoly . . .." Code 1973, § 551.1. Cf. 15 U.S.C. § 13a.

■ Plaintiffs did not allege facts showing that defendants acted for the purpose of destroying business competitors or creating a monopoly, and those facts are essential to a pleading. Such is the rationale of the decisions we previously cited under the analogous federal statute. See also Green v. Grimes-Stassforth Stationery Co., 39 Cal. App.2d 52, 102 P.2d 452; Burt v. Woolsulate, Inc., 106 Utah 156, 146 P.2d 203; 54 Am.Jur.2d Monopolies, Restraints of Trade & Unfair Trade Practices § 661 at 1051; 58 C.J.S. Monopolies § 100 at 1122. We hold that plaintiffs' petition is deficient insofar as it is predicated on the Iowa statute.

■ III. *Common Law.* The general principle of the common law in this area is that a seller may charge for his product whatever the buyer will pay and that the seller may charge different buyers different

prices. Whitwell v. Continental Tobacco Co., 125 F. 454 (8 Cir.); Hershel California Fruit Products Co. v. Hunt Foods, Inc., 111 F.Supp. 732 (N.D.Cal.); Daniel Loughran Co., Inc. v. Lord Baltimore Candy & Tobacco Co., Inc., 178 Md. 38, 12 A.2d 201; Rose v. Vulcan Materials Co., 282 N.C. 643, 194 S.E.2d 521; American Home Products Corp. v. Homsey, 361 P.2d 297 (Okl.); Nissen v. Andres, 178 Okl. 469, 63 P.2d 47; Rogers-Kent, Inc. v. General Electric Co., 231 S.C. 636, 99 S.E.2d 665; Burt v. Woolsulate, Inc., 106 Utah 156, 146 P.2d 203; Prosser, Law of Torts, § 130 at 954–955 (4th ed.); 87 C.J.S. Trade-Marks, Trade-Names & Unfair Competition § 240 at 701; 58 C.J.S. Monopolies § 50 at 1025. But the principle has limitations. Price discrimination gives rise to liability to a damaged competitor when not committed to promote the seller's own business but rather for the purpose of injuring or destroying the competitor—although cases of the latter sort usually involve predatory acts in addition to price discrimination. Boggs v. Duncan-Schell Furniture Co., 163 Iowa 106, 143 N.W. 482; Dunshee v. Standard Oil Co., 152 Iowa 618, 132 N.W. 371; Cat's Paw Rubber Co. v. Barlo Leather & Findings Co., 12 F.R.D. 119 (S.D.N.Y.); Memphis Steam Laundry-Cleaners, Inc. v. Lindsey, 192 Miss. 224, 5 So.2d 227; Gambone v. Commonwealth, 375 Pa. 547, 101 A.2d 634; Commonwealth v. Zasloff, 338 Pa. 457, 13 A.2d 67; Note, 21 Iowa L.Rev. 455, 478–481 ("predatory aggression"); Prosser, Law of Torts, § 130 at 955–957 (4th ed.); 87 C.J.S. Trade-Marks, Trade-Names & Unfair Competition § 240 at 700–701.

Here again plaintiffs' petition is deficient. Plaintiffs allege no facts showing that defendants discriminated for the purpose of injuring or destroying competitors as distinguished from advancing defendants' own business. Thus plaintiffs fail to allege a common-law cause of action.

The trial court properly sustained the motion to dismiss.

Affirmed.