MOSES A. SCHWARTZ, Landlord, *v.* "LOUIS" NUDELMAN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, September 10, 1947.

*Hammer & Rothblatt* for landlord.

*Berkowitz & Heitel* for tenant.

LORETO, J. The landlord has instituted this summary proceeding seeking possession of an apartment upon the following ground stated both in his thirty-day notice terminating the tenancy and in his petition, to wit: " Landlord is a practicing dentist and requires these premises in good faith for his use and occupancy as a dental office and living quarters." And upon the trial the landlord testified that he intends to use the premises both for residence and office purposes.

The landlord presumably is proceeding under paragraph (2) of subdivision (a) of section 209 of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1891 *et seq.*), which reads in part: " (a) No action or proceeding to recover possession of any controlled housing accommodations * * * shall be maintainable * * * unless * * * (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations * * *."

This case squarely presents this question for decision under the foregoing section and subdivision of the statute: May a landlord obtain an eviction of a tenant where he intends to put the premises to a double or multiple use, one being for housing accommodations? Or stated differently, may an eviction be had where the landlord intends to use the premises for business or other purposes, not trivial or minor, in addition to dwelling purposes? The court is constrained to answer it in the negative.

One of the principal purposes of this emergency legislation is to control and limit evictions from housing accommodations because of the existing dire shortage of housing. The extent to which Congress has seen fit to allow evictions in view of the general public need is set forth in section 209 of the statute.

It is not within the province of the court to extend or limit the classes of cases in which evictions may be had or denied. If the court were to do so, it would then be usurping the powers and function of the Legislature.

Under the aforementioned paragraph (2) of subdivision (a) of section 209 the landlord's right to recover possession of the premises is allowed where he seeks them for personal use and occupancy *as housing accommodations.* That is the single purpose therein specified for which an eviction may be maintained thereunder. The statute is clear and unambiguous. The court must accept its unequivocal statement as limiting the recovery to that specific use, i.e., as housing accommodations. If the Congress intended to permit evictions under this subdivision where the landlord seeks the housing accommodations for business or other purposes in addition to personal use for housing accommodations, it could have said so.

The salutary purposes of this emergency legislation would be greatly reduced, if not nullified, by allowing the use of existing housing accommodations in part for business or purposes other than dwelling. It is evident that Congress did not thus intend to reduce existing housing accommodations.

Other questions have been raised by the parties, which the court does not deem necessary to pass upon in view of its holding on this determinative point.

The petition is therefore dismissed without prejudice to the landlord's right to institute a new proceeding, if he be so advised, within the terms of the said statute.