Appellate Department, Superior Court, San Francisco

[Civ. A. No. 1864. July 27, 1948.]

NAOMI GIBSON, Respondent, v. LAWRENCE CORBETT et al., Appellants.

James J. Cronin, Jr., for Appellants.

Morris Lowenthal as Amicus Curiae, on behalf of Appellants.

Fabian D. Brown for Respondent.

MURPHY, J.—The plaintiff below is the owner of a building containing three flats numbered 2686, 2688 and 2690 Bush Street. At the time the action was filed she and her family were the occupants of the premises numbered 2686 Bush Street.

The action is one in unlawful detainer, the plaintiff urging that she sought in good faith to recover possession of the flat numbered 2690 Bush Street, occupied by the defendants, as housing accommodations for herself and family.

Section 209 of The Housing and Rent Act of 1947 [61 Stat. L. 193, Pub. Law 129, 50 U.S.C. Appx. §§ 1881-1902] insofar as it is pertinent to this appeal provides as follows:

"*Section 209(a)*. No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless:

"(2) *A landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations.*" (Italics ours.)

The purpose of this law was, as stated in the case of *Schwartz* v. *Nudelman*, 189 Misc. 850 [72 N.Y.S.2d 874, 875], wherein the following is found:

"One of the principal purposes of this emergency legislation is to control and limit evictions from housing accommodations because of the existing dire housing shortage. The extent to which Congress has seen fit to allow evictions in view of the general public need is set forth in Section 209 of the Statute.

"It is not within the province of this Court to extend or limit the classes of cases in which evictions may be had or denied. If the Courts were to do so, it would then be usurping the powers and functions of the Legislature."

Our own state Supreme Court in *Lovett* v. *Bell*, 30 Cal.2d 8 at page 11 [180 P.2d 335], in considering the prior law on the subject, had this to say:

"Such prohibition recognizes the restricted supply of housing accommodations available during the designated period of national emergency and protects the tenant from the enforcement of exactions obtained by the landlord at variance with the rent control program."

It is contended upon this appeal that there is still an acute shortage of housing accommodations. It is also urged that in the prior law the landlord had to show "an immediate and compelling necessity" for the housing accommodations and also had to show "good faith" in that he sought to occupy the premises as housing accommodations for himself and his family. It is further urged that while the new enactment provides that it is not necessary that a "family use" be shown, nevertheless, the requirement of "good faith" still exists.

In a decision of the Appellate Department of the Los Angeles Superior Court, entitled *Marques* v. *Passaro*, Civil Appeal 6601, dated October 31st, 1947, the court stated as follows:

"Provisions of the Rent Control Law enforced now and at the time of service of notice to quit permits landlords to take proceedings for obtaining possession of residential property when 'he seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy of housing accommodations.'

"The evidence herein is undisputed that plaintiffs already have dwelling accommodations from which they have no intention of removing and therefore it follows that they are not seeking to recover the housing accommodations involved herein for their immediate and personal use."

In another appeal arising out of Los Angeles entitled *Robert G. Cotten* v. *Don Williams*, Civil Appeal No. 5426, and dated October 30th, 1947, the court had the following to say:

"The trial judge quite properly refused to give judgment for the plaintiff because the purpose for which the plaintiff seeks to recover possession of the premises—in order that his father and mother may occupy them—is not recognized by the Housing and Rent Act of 1947 as an exception to its general declaration that no action may be maintained to recover possession of such premises as involved in this action."

The appellant herein contends that since the present law provides that the landlord must seek in *"good faith"* to re-

cover possession of the premises that therefore the burden of proof rests upon the landlord to establish the existence of such good faith. In support of that contention the case of *Brodhum* v. *Zuber*, a Washington case reported in volume II of Pike and Fischers' Opinions and Decisions, at page 5131 and 5132, also referred to in *Lester* v. *Isaac*, Civil Appeal No. 5710, 63 Cal.App.2d Supp. 851 [146 P.2d 524] also coming out of Los Angeles, is called to our attention. Therein it is stated as follows:

"That the term good faith as used in the Regulation means more than an honest intention or desire to occupy the premises in question—it means honestly; without fraud, collusion or deceit; really, actually, without pretense. It means an intention based on a valid or good reason or cause. . . . 2. Good faith being an essential element of the landlord's right to dispossess his tenant, it is necessary (1) for both the landlord's notice of termination of tenancy and his eviction complaint to contain an allegation of good faith and (2) that the primary burden of proving his good faith is upon such landlord in such action."

It is contended that in the case before us the direct testimony of the plaintiff indicates nothing more than the existence of the relationship of landlord and tenant between the parties, that it identifies the premises rented, sets forth the rental due to date and shows service of notice and refusal to deliver possession of the premises. It is contended that the plaintiff under the rule of the decisions which are referred to herein has made no effort at all to meet the burden of proof. It is urged that although the plaintiff expressed a desire to recover possession of the premises she gave no valid reason within the authorities cited to justify the court in adjudging that the defendants be evicted.

In that connection the case of *Snyder* v. *Reshenk*, 131 Conn. 252 [38 A.2d 803 at 806], is called to our attention wherein it is stated that the primary purpose of the law (referring to the first law but equally applicable under the present law) is to protect the tenant. The following quotation is pertinent:

"In defense rental areas not only against the exaction of excessive rents but also against being forced without good and sufficient reason by the owner to move out and seek quarters elsewhere."

It is further contended that the affidavit of Jane Corbett, one of the defendants, which sets forth the fact that since

the within action has been pending upon appeal the plaintiff and respondent has demanded and has compelled the defendants and appellants to pay to her rentals covering the months of October, November and December, 1947, and to January 15th, 1948. It is urged that this action on the part of the plaintiff has reestablished the relationship of landlord and tenant and has thus nullified the position of the plaintiff in this regard.

This court has granted permission to the attorney for one Herman Z. Quittman, who is a defendant and appellant in Appeal Case No. 1888, which is now pending in this department, to file a brief as amicus curiae. This action is also one for unlawful detainer in which the trial judge as in the instant case granted judgment for the plaintiff landlord under section 209(a) and (2) of the Housing and Rental Act of 1947.

In this amicus curiae brief it is urged that an authoritative ruling by this appellate department on the issue raised by the trial judge in his decision in the case before us with respect to good faith is necessary as a criterion in eviction proceedings in order that the law might be clarified and that the lower courts might be assisted in applying the law to similar cases coming before them.

The amicus curiae calls our attention to the familiar rule that where there is a conflict in the evidence (which is disputed by the attorney for the defendant) the appellate division has no choice but to affirm the ruling of the trial court. However, the amicus curiae, assuming that this rule should normally be followed by this division, calls our attention further to the fact that this rule presupposes that the trier of the facts was correct in his application of the principles of law to the evidence submitted to him and that he thoroughly and impartially and without bias weighed the evidence before arriving at his conclusion. It is the position of the amicus curiae that in the *Gibson* v. *Corbett* case as well as in almost all other cases appearing before the particular trial judge in question relating to section 209(a)2 of the Housing and Rental Act of 1947, the trial court had a mistaken view of the law on the subject matter of the section and that because of his erroneous interpretation thereof it cannot be said that there was that fair and impartial weighing of the evidence which is contemplated and required and that therefore a finding of fact in the matter of good faith cannot be upheld by this tribunal solely because of a conflict in the evidence on this point.

It is urged in the brief filed by the amicus curiae that in all eviction cases brought to trial before this particular judge, the court "very frankly and freely expressed his interpretation of the law upon this subject." In one case we are advised he stated that in view of the elimination of the O.P.A. by the 1947 Housing Act, the only circumstances on the matter of good faith that he would consider were the landlord's statements on the witness stand, with the result that the defendant was not permitted to present evidence that the landlord had a five-year lease on his old premises; that he was keeping the lease and that he had informed the defendant that he would throw him out if he didn't pay more rent.

The amicus curiae further advises us that in subsequent cases the same judge permitted such evidence to be introduced by the tenant's attorney, but at the same time opined that with the elimination of O.P.A. good faith was not the criterion in the determination of the landlord's rights under section 209(a)2 and that in any event, in determining what constituted "good faith" there had been a drastic and very considerable change in the law when the 1947 act was adopted with the result that the motive of the landlord played no prominent part in determining "good faith."

Obviously, if this view prevails, all a landlord need do is to testify that he intends to move in, to establish his right to an eviction, irrespective of other motives which may have actuated the commencement of the action against his tenant.

We are directed to and have examined the case of *Snyder* v. *Resnik,* 131 Conn. 252 [38 A.2d 803]. In that case plaintiff sought possession of a tenement occupied by defendant. A jury returned a verdict for the defendant. Upon appeal the plaintiff urged that the justice of the peace erroneously instructed the jury by charging them that in determining whether plaintiff was seeking in "good faith" to recover possession for her own immediate use and occupancy, they should consider circumstances other than her actual intent to move in and use the premises as a home. In short she claimed that such circumstances were irrelevant, and that the words "good faith" refer simply to the reality of the landlord's desire . . . to recover possession.

With this view the appellate court did not agree. It did hold, however, that it was a vital issue for the jury to determine because of the necessity to increase her income and to

reduce her expense as she claimed or whether her purpose was one of revenge upon the defendant as claimed by him.

The court further observes that while the phrase "good faith" is used in differing senses (see 18 Words and Phrases (perm. ed.), p. 475 et seq.) "in common usage it has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and generally speaking, means being faithful to one's duty or obligation" (35 C.J.S. p. 488 and cases therein cited).

"Good faith" has also been defined as meaning "an honest intention to abstain from taking an unconscientious advantage of another, even though the forms and technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." (Bouvier's Law Dictionary, Rowles (3d rev.), p. 1359.)

 The writer of this opinion deems it unnecessary to review the evidence in this case for the reason that the trial court's view of the law concerning "good faith" is so erroneous that the case must be reversed upon that ground alone.

When we consider the erroneous approach of the trial court to the law applicable in eviction cases of this character, it is obvious that any fair and unbiased analysis of the evidence was impossible.

In other words it is the opinion of the writer that a bold, brazen if you will, statement by a landlord under oath that she intends to occupy her premises in "good faith" is wholly insufficient to resolve the issue in the face of a pleaded denial.

Every case examined by this writer establishes and confirms the standards and tests to be applied in determining the "good faith" of the plaintiff. These criteria have been hereinabove set forth.

It is therefore my opinion that mere proof of actual intent to move in is wholly insufficient to support a decision in favor of the landlord. He must establish that he honestly intends to occupy the premises; that his own occupancy is his prime motive; that no ulterior reason impels him to defeat or evade the purposes of the act; that he is not attempting to make profit at the expense of a tenant. Thus his whole state of mind, his intent, his purpose are important issues to be resolved. The spirit as well as the letter of the law must be adhered to, and a casual showing may not form the basis for ouster of the tenant.

For the reasons herein expressed it is my opinion that the judgment of the court below be reversed and remanded for a new trial.

Kaufman, J., concurred.

GRIFFIN, P. J.—I concur in the views and reasoning set forth in the opinion of Judge Murphy, and I am further of the opinion that the evidence, far from indicating the good faith necessary for the successful prosecution of this action, affirmatively shows a lack thereof in that the motivating cause of plaintiff's termination of defendant's long tenancy of the premises in question was to provide housing accommodations for her relatives at the expense of plaintiff.