[1] This action in unlawful detainer was instituted in the Magistrate Court of the City of St. Louis by respondents as plaintiffs against appellant as defendant. There was a judgment in favor of defendant in the Magistrate Court and plaintiffs appealed to the Circuit Court of the City of St. Louis, where, after a trial before the court and a jury, there was a verdict and judgment in favor of plaintiffs and against defendant for possession of the property involved, namely, 4118a McPherson Avenue, together with the costs of the proceeding. After an unavailing motion for a new trial defendant appealed to this court.
[2] The complaint of plaintiffs alleged that on June 19, 1948, they had the legal right to the possession of premises situated in the city of St. Louis, Missouri, described and known as second floor flat numbered 4118a McPherson, and that defendant wilfully and without force holds possession of said premises after the termination of the time for which they were let and after demand made in writing for the delivery of the possession thereof; that the value of the monthly rents and profits was $50.00; that plaintiffs had fully complied with the Rent and Housing Act of 1948, 50 U.S.C.A. Appendix, § 1881 et seq., and all of the rules and regulations promulgated thereunder by the office of the Housing Expediter; that plaintiffs seek in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling and converting said flat into additional housing accommodations, and that the altering, remodeling *Page 500 
modeling and conversion cannot practically be done with the tenant in occupancy as provided in Section 204(b) of the Rent and Housing Act of 1948 as enacted by the 80th Congress of the United States, 50 U.S.C.A. Appendix, § 1899(b). Plaintiffs prayed judgment of restitution and for $200.00 damages and the value of said monthly rents and profits.
[3] The evidence, showed that plaintiffs were co-owners of three buildings in the City of St. Louis, each building containing four flats and all three buildings being located in a row, the first building being numbered 4118 and 4118a McPherson Avenue and 4120 and 4120a McPherson Avenue; that the second building was numbered 4122 and 4122a McPherson Avenue and 4124 and 4124a McPherson Avenue; that the third building was numbered 4126 and 4126a McPherson Avenue and 4128 and 4128a McPherson Avenue. The particular flat involved in the complaint of plaintiffs was the one numbered 4118a McPherson Avenue. Plaintiffs introduced in evidence notices that had been served on defendant and also testimony of plaintiff David Radloff showing that plaintiffs sought possession of the flat numbered 4118a McPherson Avenue for the immediate purpose of substantially altering, remodeling and converting said flat into additional housing accommodations. Plaintiffs' evidence showed that the altering, remodeling and conversion could not practically be done with the tenant in occupancy. It is not necessary to set forth that part of the evidence in detail.
[4] The evidence of plaintiffs further showed that they served notice dated April 15, 1948, effective June 19, 1948, on defendant requiring her to surrender the quiet and peaceable possession of the premises described and setting forth that the notice was given under the provisions of the Housing and Rent Act of 1948, and that plaintiffs as landlord were seeking in good faith to recover the possession of said accommodations for the purposes that were alleged in plaintiffs' complaint, and stating that if defendant did not surrender said premises by the time stated in the notice action would be instituted to evict her in accordance with the requirements of local law.
[5] On cross-examination, plaintiff David Radloff admitted that notices to terminate tenancies were also served by plaintiffs and complaints in unlawful detainers were filed by them as follows: to this same defendant, Mrs. Anna Penny, notice dated June 15, 1947, for possession of 4118a McPherson Avenue; to this same defendant, Mrs. Anna Penny, notice dated September 17, 1947, for possession of 4118a McPherson Avenue upon which plaintiffs filed suit but did not obtain possession; to this same defendant, Mrs. Anna Penny, notice dated October 3, 1947, for possession of 4118a McPherson Avenue, upon which plaintiffs filed suit but did not obtain possession; notice to Leo F. Stausing, dated September 11, 1947, for possession of 4124a McPherson Avenue upon which plaintiffs filed suit and did obtain possession; notice to this same defendant, Mrs. Anna Penny, dated October 3, 1947, for possession of 4118 McPherson Avenue; to Michael Kurch, notice dated September 17, 1947, for possession of 4122a McPherson Avenue; to F. H. Vessells, notice dated September 17, 1947, for possession of 4120 McPherson Avenue; to Leo F. Stausing, notice dated September 17, 1947, for possession of 4122 McPherson Avenue; to Mrs. Larry Garner, notice dated September 17, 1947; to Charles Stanford, notice dated September 17, 1947; to O. J. Twiman, notice dated September 17, 1947; to Adeline Banes, notice dated September 17, 1947.
[6] According to the testimony of plaintiff Radloff, the grounds for eviction under the above notice dated June 15, 1947, to Mrs. Anna Penny, was for subletting. The grounds for eviction stated in all of the other above mentioned notices, except the one to Leo F. Stausing dated September 17, 1947, for possession of 4122 McPherson Avenue, was for "immediate purposes" of "substantially altering and remodeling." The notice dated September 11, 1947, to Leo F. Stausing for possession of 4124a McPherson Avenue, was for "immediate and personal use and occupancy" of plaintiff Edward I. Davidson as housing accommodations. On cross-examination plaintiff *Page 501 
Radloff further testified that the flat at 4124a McPherson Avenue was an eight room flat which was converted into a ten room flat and that before plaintiff Davidson moved in, eight rooms were rented to tenants and an advertisement was put in a newspaper by plaintiff Davidson seeking employed adults as tenants for the back part of said flat which said plaintiff did not want for himself.
[7] Mrs. Rose Stausing testified on behalf of defendant that at the time of the trial she lived at 4122 McPherson Avenue; that she formerly lived as a tenant at 4124a McPherson Avenue; that she and her husband gave up possession of 4124a McPherson Avenue by virtue of an unlawful detainer suit filed against them by the same parties who are plaintiffs in this suit; that this occurred on June 15, 1948; that the premises where she resided at the time of the trial, namely, 4122 McPherson Avenue, and the premises 4124a McPherson Avenue had adjoining entrances; that she first observed persons, other than plaintiff Davidson, living there on August 1, 1948, and that the first time she saw plaintiff Davidson going in or out of 4124a McPherson Avenue was on October 11, 1948; that she had never seen plaintiff Davidson going in 4124 McPherson Avenue for the night; that she first observed plaintiff Davidson's name on the mail box at 4124 McPherson Avenue October 1, 1948.
[8] Defendant contends that the trial court erred in refusing to allow her to introduce testimony relating to and bearing upon the issue of "good faith" of plaintiffs which defendant contends would have shown that after seeking "in good faith" to obtain possession of 4124a McPherson Avenue for the "immediate and personal use and occupancy" of plaintiff Davidson, plaintiffs charged and obtained $73.00 per week for said unit of housing accommodations instead of $50.00 per month, the charge which prevailed before plaintiffs obtained possession thereof, and that the trial court also erred in excluding from evidence defendant's exhibit 4, a file of a Magistrate Court of the City of St. Louis involving a law suit entitled "David Radloff and Edward I. Davidson-vs-Anna Penny, No. 6092" being an affidavit and complaint in unlawful detainer wherein plaintiffs were seeking possession of the same premises involved herein. In support of these contentions defendant cites and quotes from a large number of cases decided by the courts of various states wherein the question of "good faith" of landlords seeking possession of housing accommodations under the Federal Housing and Rent Act of 1947, as amended in 1948, was discussed.
[9] Defendant earnestly contends that the climax of her proof to show a lack of good faith on the part of plaintiffs in the instant suit was plaintiffs' acceptance of $73.00 per week for rent from four tenants occupying eight rooms at 4124a McPherson Avenue; that the court erroneously excluded this evidence upon objection of plaintiffs.
[10] We are unable to agree with defendant's contention. The numerous cases cited by defendant in this connection do unquestionably hold that where the matter of "good faith" of a landlord is in issue, the court should inquire into all the "relevant surrounding circumstances" to determine whether or not the landlord is acting in good faith in seeking to recover possession of the premises in question for the purpose alleged in his complaint. Defendant, however, has taken entirely too broad a view of what constitutes "relevant" surrounding circumstances. In none of the cases cited by defendant will there be found any authority for permitting inquiries into distinctly separate, collateral matters that are not "relevant" to the issue of "good faith" of the landlord with respect to the particular premises involved in the case on trial.
[11] It must not be forgotten that the evidence sought to be introduced by defendant in this case related, not to the premises involved in this suit, but to other and different premises. Furthermore, such proffered evidence did not involve the same kind of action and purpose of the landlord. In the case at bar the premises are sought to make "alterations" to convert the premises "into additional housing accommodations," whereas the rejected *Page 502 
evidence dealt with premises that were sought for a different purpose, namely, for the "personal use and occupancy" of the landlord.
[12] The case chiefly relied on by defendant herein to support her contention is Janise v. Bryan, 89 Cal.App.2d Supp. 933, 201 P.2d 466, decided by the Superior Court, Appellate Department, Los Angeles County, California, which arose under the Housing and Rent Act of 1947, as amended by Housing and Rent Act of 1948, 50 U.S.C.A.Appendix, § 1899(a) (2). The landlord in that case sought possession of the premises in good faith for his immediate personal use and occupancy as housing accommodations. The trial court made written findings one of which was that "for a long period prior to the institution of this action there has been considerable ill feeling between plaintiffs and defendants and a desire on the part of plaintiffs to oust defendants" and further "the principal reason for the maintenance of this action by plaintiffs is to cause the eviction of defendants from the apartment house." As a conclusion of law from the facts found the trial court declared that "plaintiffs have not acted in good faith in the within action." Janise v. Bryan, supra, 201 P.2d loc. cit. 471. The appellate court affirmed the judgment of the trial court against plaintiffs, and said "When the landlord's good faith is in issue, the court may inquire into all therelevant surrounding circumstances." Janise v. Bryan, supra, 201 P.2d loc. cit. 471. (Emphasis ours.) The appellate court further cited a large number of cases in support of the above rule and further held that "Good faith, when in issue is the ultimate fact, * * * and the question is ordinarily one of fact, for determination by the trier of facts." (Citing cases.) Janise v. Bryan, 201 P.2d loc. cit. 471.
[13] It is also true that in Gibson v. Corbett, 87 Cal.App.2d 926,200 P.2d 216, another case cited by defendant herein, the Appellate Department, Superior Court of the City and County of San Francisco, California, held, under the Housing and Rent Act of 1947, that mere proof of an actual intention to move in is insufficient to support a decision in favor of the landlord. It was further held that the landlord must establish that he honestly intends to occupy the premises; that his own occupancy is his prime motive; that no ulterior reason impels him to defeat or evade the purpose of the Act and that he is not attempting to make profit at the expense of the tenant.
[14] To the same effect as the foregoing cases are the holdings in the numerous other cases cited by defendant herein but none of the cases cited by defendant constitutes authority to justify the collateral inquiries concerning other premises which the trial court refused to permit in the case at bar.
[15] There are, of course, many cases which hold that where the "intent" of a particular party in relation to a particular act is involved and the burden is on an adversary party to prove such "intent," evidence of other similar acts by the party charged may be shown to prove the particular "intent." Such cases are mostly criminal cases wherein as a prerequisite to conviction the criminal intent must be proved, or else are cases in which the nature of the act charged was so equivocal that it was open to the view that it was a mistake or an accident or in any event not done intentionally. In such cases the law of evidence provides for an exception to the general rule, which excludes collateral inquiries, and permits "other similar acts" by the same party to be shown for the purpose of negativing the idea of accident or mistake or lack of intent, and the tries of the fact are authorized, although not required, to infer from the "other similar acts" that the particular act charged was done intentionally. However, even in such cases the evidence sought to be introduced must be "relevant" to the matter actually in dispute and on trial in order to be admissible.
[16] The general rule of evidence dealing with relevancy is stated in 20 Am. Jur., Evidence, Section 246, page 239, as follows: "One of the elementary rules of evidence is that matters offered in evidence must be relevant to issues of the case and tend to establish or disprove them. Irrelevant facts andcircumstances-that is, those which do not throw any light upon, or have *Page 503 
any logical relation to, the facts in issue which must be established by one party or disproved by the other or which areremote and collateral-are not properly admissible in evidence andupon proper objection must be excluded." The same authority states: "The determination of the relevancy of proof offered at the trial is a matter resting within the sound discretion of thetrial court, and is not ordinarily reviewable upon appeal." 20 Am.Jur., Evidence, Section 247, page 241. (Emphasis ours.)
[17] A further phase of this rule of evidence is stated by the same authority as follows: "It is fundamental that evidence to be admissible must relate and be confined to the matter or matters in issue in the case at bar * * *. This rule excludes evidence of collateral facts or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute * * *." 20 Am.Jur., Evidence, Section 248, page 242.
[18] In the case at bar the trial court was very liberal to defendant in its rulings and permitted her to have a wide latitude in the introduction of evidence and in the examination of witnesses so that she was not improperly restricted in presenting her defense. However, we think the court acted clearly within its proper discretion in refusing to allow defendant to cross-examine plaintiff Radloff concerning the rent that was charged the sub-tenants of plaintiff Davidson in his residence at 4124a McPherson Avenue and in refusing to admit defendant's Exhibit No. 17, purporting to be a statement of the names and the amounts of rentals of the sub-tenants of said plaintiff Davidson at said residence. The premises actually in dispute in this case were No. 4118a McPherson and were located in a building entirely different from that numbered 4124a McPherson, where plaintiff Davidson lived. Therefore, the questions concerning the last named premises were entirely too far afield from and collateral to the matter in dispute between the parties to be relevant and hence were inadmissible. It is obvious that if the court had permitted such collateral inquiries to be pursued it would have resulted in much confusion in the minds of the jurors as to the real and true issues of the case. If such collateral inquiries were to be permitted, it can readily be seen that trials of particular issues made by the pleadings in a case would be turned into pro and con investigations of many collateral matters. If the court permitted one side to go into such collateral matters, it would, in justice, be required to permit the other side to go into full explanations thereof. This would result in great confusion and uncertainty as to what issues were actually being tried.
[19] What we have heretofore said also applies with equal force to the court's ruling in refusing to admit plaintiff's exhibit No. 4 in evidence. That was a file of the Magistrate Court of the City of St. Louis showing an affidavit and complaint in an unlawful detainer case which had been filed by plaintiffs against defendant prior to the filing of the instant suit, but which case was never tried. The fact that, such a suit had been filed was in evidence, but we think the court ruled properly in refusing to permit defendant to go farther in this connection.
[20] Plaintiffs cite the case of Kreisman v. Kornfeld, Mo.App., 208 S.W.2d 79, as authority in support of the court's refusal in the case at bar to permit defendant to introduce the evidence dealing with premises other than the particular premises involved in the dispute, but we agree with defendant that said case can no longer be cited as authority for that proposition for the reason that since said Kreisman case was decided the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., was superseded by the Housing and Rent Act of 1947. Under the Emergency Price Control Act, supra, the landlord was required to petition the Office of Price Administration for a certificate relating to an eviction before he could proceed to evict a tenant. Under said Act the issue of "good faith" was decided by the Office of Price Administration and if that office found that the landlord was proceeding in "good faith" the certificate was issued. If such a certificate was thus issued the question of "good faith" was no longer in the case. Therefore, the *Page 504 
decision in the case of Kreisman v. Kornfeld, supra, was correct in ruling out such evidence under the Federal Act as it stood at that time, but, as stated above, the Federal Statute has since been changed. Under the Federal Act as it now stands it is proper for a trial court to permit inquiry into "relevant surrounding circumstances" where "good faith" of the landlord is in issue, but, as we have pointed out, this does not mean that the inquiry should be permitted to go so far afield from the matter in issue as to involve collateral matters not relevant to the issues raised by the pleadings in the case on trial.
[21] Defendant next contends that the trial court erred in giving, over her objection, instruction No. 2 and argues that said instruction improperly limited the scope of the search into the element of "good faith" of plaintiffs as landlords to do the altering and remodeling for which they sought possession of the premises. Defendant's contention as to the instruction mentioned is based upon what we have already held to be defendant's erroneous view of the extent to which the court should permit collateral inquiries in relation to the proof of "good faith." What we have already said, therefore, largely disposes of defendant's objection to the instruction in question. However, we shall review the instructions.
[22] The main instruction, numbered 1, required the jury to find, as a prerequisite to a verdict for plaintiffs, that on April 15, 1948, defendant was a month to month tenant of plaintiffs in the premises described; that the plaintiffs seek in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling and converting said premises into additional housing accommodations; that the altering, remodeling and conversion could not practically be done with the defendant in possession; that the plaintiffs served written notices on defendant terminating her tenancy on June 19, 1948, and that defendant retains possession of the premises notwithstanding said notices.
[23] In instruction No. 2 the court told the jury "that the term `good faith' as used in the instructions given you by the Court, means acting honestly, without fraud or deceit; therefore, if you find and believe that the plaintiffs honestly intend to use the premises described in evidence for the immediate purpose of substantially altering, remodeling and conversion into additional housing accommodations, and for no other purpose, then you must find that the plaintiffs are acting in good faith."
[24] In instruction No 3 the court told the jury that the burden of proof was upon plaintiffs to establish by a preponderance of the evidence that the plaintiffs seek in good faith to recover possession of the housing accommodations described in the evidence for the immediate purpose of substantially altering or remodeling the same for the purpose of conversion into additional housing accommodations, and that such altering or conversion could not practically be done with the tenant in occupancy and unless the plaintiffs sustain such burden the verdict must be for the defendant and against the plaintiffs. The term "burden of proof" as used in the instruction was defined by the court as meaning, not the number of witnesses sworn on either side, but meant that in point of value and credibility the evidence to sustain plaintiffs' case must outweigh that for the defendant.
[25] The court also gave instruction No. 4 to the effect that the verdict must be for defendant and against plaintiffs if the jury found that plaintiffs were not acting in good faith; that if the jury found that in gaining possession of the housing accommodations described the plaintiffs do not have the immediate purpose of either substantially altering or remodeling the accommodations described or converting them into additional housing accommodations or that the alteration, remodeling or conversion could be done with the tenant in occupancy or that plaintiffs had not obtained approval as required by Federal, State or local law for such alterations, remodeling or conversion, then the verdict should be for defendant.
[26] The court also gave instruction No. 6 which simply and directly told the jury that if they found and believed from the evidence that plaintiffs were not "acting in good faith in seeking to recover *Page 505 
the possession of the housing accommodations described in the evidence, then your verdict must be for the defendant and against the plaintiffs."
[27] From the foregoing review of the instructions, it will be observed that the jury were fully and carefully instructed on all the matters necessary for their guidance in reaching a proper verdict.
[28] In point 3 of defendant's brief it is stated that the judgment is against the evidence, against the weight of the evidence and against the law under the evidence. Reference is then made to the authorities cited under points 1 and 2 of the brief. We are unable to agree with this contention of defendant. The evidence showed that the property actually involved was the second floor flat of a four family flat building; that it was rented by plaintiffs to defendant at a monthly rental of $50.00; that the rent was due on the 19th day of each month; that a sixty day notice, as required by the Housing and Rent Act of 1947, as amended, terminating defendant's tenancy on June 19, 1948, was properly served on defendant; that the notice informed defendant that plaintiffs sought in good faith to recover possession of said accommodations for the immediate purpose of substantially altering, remodeling and converting into additional housing accommodations and that the same could not be done with the tenant in occupancy; that a written notice complying with the state law also was served upon defendant; that defendant did not personally occupy the premises in question at the time of the service on her of notice to vacate nor at the date of the expiration of the notice nor at the date of the trial; that the Building Inspector of the City of St. Louis gave permission to plaintiffs to make the alterations in question, the permit for the same dated April 15, 1948 being introduced in evidence.
[29] Plaintiffs introduced evidence showing that they had obtained permission to use water in making such alterations, the permit for same being dated April 14, 1948; that plaintiff Radloff had been engaged as a builder and contractor for 15 years. Plaintiffs also introduced in evidence blueprint floor plans of the premises prior to the proposed alterations and of the proposed new accommodations.
[30] We think the evidence of plaintiffs was ample to support the verdict and judgment.
[31] We find no reversible error in the record and the judgment of the trial court is accordingly affirmed.
[32] ANDERSON, P. J. and HUGHES, J., concur.