[Civ. No. 22167. First Dist., Div. Three. Sept. 17, 1965.]

ANN GIACOMELOS, Plaintiff and Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, as Testamentary Trustee, etc., et al., Defendants and Respondents.

Dodge, Reyes, Brorby, Kahn & Driscoll and Robert P. Brorby for Plaintiff and Appellant.

Thomas G. Michaels and J. D. Cooper for Defendants and Respondents.

DRAPER, P. J.—Plaintiff seeks damages for conversion. She is the widow of a testator who left income-producing real property to her for life, with remainder to defendant bank as trustee for his two children by a previous marriage. Under threat of condemnation, the property was sold to the state November 24, 1959. Plaintiff widow wanted the proceeds invested, with income to her for life. The bank pointed to statutory provisions (Code Civ. Proc., §§ 778, 779) which it felt required present division of the sale proceeds. The dispute was submitted to the probate court on petition of the trustee bank. That court ordered division, and plaintiff widow appealed. The order was reversed (*Estate of Giacomelos,* 192 Cal.App.2d 244 [13 Cal.Rptr. 245, 91 A.L.R.2d 956]) in an opinion based upon a third code section (Code Civ. Proc., § 781). The funds were invested January 30, 1962. Plaintiff brought this action for additional income she would have received before that date if the investment had been made promptly upon sale. Judgment was for defendants, and plaintiff appeals. Although the remaindermen are joined as defendants, the parties argue only the propriety of the acts of the bank as testamentary trustee.

The only issue is whether there was a conversion. ▉ Conversion is an intentional exercise of dominion over a chattel which interferes with the right of another to control it. (Rest.2d Torts, § 222A; *DeVries* v. *Brumback,* 53 Cal.2d 643, 647 [2 Cal.Rptr. 764, 349 P.2d 532]). The good faith of the bank is conceded, but, admittedly, is not a defense (*Poggi* v. *Scott,* 167 Cal. 372, 375 [139 P. 815, 51 L.R.A. N.S. 925]). ▉ The law does recognize the dilemma of one in possession as a bailee or similar holder upon demand by a third party for the goods. Such holder does not become a converter by making a qualified refusal to surrender if his

real and stated purpose is to secure a reasonable opportunity to inquire into the claimant's right (Rest. 2d Torts, § 240).

■ Defendant bank asserted no right of its own. It acted solely as a testamentary trustee, obligated to defend the rights of the remaindermen and to act in doubtful cases only upon court order. Its duty to the trust beneficiaries placed it in a position comparable to that of the bailee referred to in the Restatement (*id.*, com., p. 471). An executor who finds in decedent's safe deposit box a stock certificate issued in the name of another is not a converter if he refuses delivery to the named holder until he can determine whether decedent had a pledge or other interest (*id.*, § 240, illus. 2; see also Prosser, Torts (3d ed.) p. 91). Refusal pending determination in interpleader is recognized as a qualified refusal which does not constitute conversion (Rest.2d Torts, § 240, p. 471).

The trial court ruling and the consideration given the issue on the earlier appeal show that the bank's emphasis on sections 778 and 779, although not controlling, had reasonable basis. The trustee proceeded with reasonable promptness to secure court determination of the question. There was some delay between remittitur and actual investment of the fund, but the trial court considered it not unreasonable under the circumstances. That conclusion finds support in the evidence. The acts of the bank did not amount to conversion.

The parties present the case on the assumption that plaintiff's interest is one which may be the subject of conversion. Since defendant bank is not a converter in any case, we need neither define the intangible interest here involved (see Rest.2d Torts, § 241A), nor determine whether it is one subject to conversion.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1965.