Filed 3/10/22  Beverly v. Riverside County Public Administrator CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| BRALA BEVERLY, | |
| Plaintiff and Appellant, | E077038 |
| v. | (Super.Ct.No. RIC2000782) |
| RIVERSIDE COUNTY PUBLIC ADMINISTRATOR et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  L. Jackson Lucky, IV, Judge.  Affirmed.

Brala Beverly, in pro. per, for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, James C. Packer; Law Office of Hershel A. Martin, Hershel A. Martin; Arias & Lockwood and Christopher D. Lockwood for Defendant and Respondent, County of Riverside.

Fullerton, Lemann, Schaefer & Dominick and David P. Colella for Defendant and Respondent, Kathleen Bertulli.

1

## I. INTRODUCTION

The Riverside County public administrator was appointed to administer the estate of Albert John Rinaldo (decedent). In January 2020, Brala Beverly (plaintiff) appealed from the order appointing the public administrator. While her appeal was pending, the public administrator took action to evict plaintiff from decedent's mobile home and denied three creditor's claims filed by plaintiff pursuant to Probate Code[1] section 9000 et seq.

In response, plaintiff filed a civil complaint seeking damages against the public administrator and several of decedent's family members, including decedent's sister, Kathleen Bertulli (Bertulli), under various theories of liability. The trial court sustained demurrers to a first amended complaint and second amended complaint, but it granted plaintiff leave to amend on each occasion. Finally, on March 9, 2021, the trial court sustained the County's demurrer to plaintiff's third amended complaint without leave to amend; and, on March 23, the trial court sustained Bertulli's demurrer to plaintiff's third amended complaint without leave to amend.

Plaintiff appeals from the judgments following the sustaining of defendants' demurrers. Based upon our independent review of the third amended complaint, we find no error warranting reversal, and we affirm the judgment.

---

[1] Undesignated statutory references are to the Probate Code.

## II. FACTS AND PROCEDURAL HISTORY

A. *Background*

Plaintiff, claiming to be a friend, the beneficiary of a purported will, or alternatively a creditor, initiated a probate action seeking authority to administer decedent's estate. In response, the trial court appointed the Riverside County Public Administrator to administer the estate, and plaintiff appealed from that order in January 2020.

On February 21, 2020, before briefing in her appeal commenced, plaintiff filed a new civil action naming the County of Riverside (County)[2] and Bertulli as defendants. On February 25, plaintiff filed a first amended complaint seeking damages as the result of defendants' alleged tortious conduct, as well as alleged violations of California statutes and the United States Constitution. The trial court sustained a demurrer to the first amended complaint but granted leave to amend, and plaintiff filed a second amended complaint on September 28.

On November 5, 2020, this court issued an opinion affirming the trial court's order appointing the public administrator in plaintiff's separate, pending appeal. However, because plaintiff subsequently petitioned the California Supreme Court for review, the

---

[2] Plaintiff did not personally name the public administrator but instead sued the official's office, naming "Riverside County Public Administrator" as the defendant. Generally, a suit against a government official acting in his or her official capacity "is not a suit against the official but rather is a suit against the official's office" and "is, in all respects other than name, to be treated as a suit against the entity." (*Pitts v. County of Kern* (1998) 17 Cal.4th 340, 350.) Accordingly, the County responded as the proper defendant "erroneously sued and served as Riverside County Public Administrator."

remittitur was not issued until February 11, 2021.  On December 3, the trial court sustained a demurrer to the second amended complaint but again granted leave to amend, and plaintiff filed a third amended complaint on December 28.

B.  *Allegations of the Third Amended Complaint*

According to the third amended complaint, plaintiff initiated a probate proceeding involving the estate of decedent following his death.  Prior to decedent's death, he had given plaintiff permission to access his mobile home located in Homeland, California (the Property).  With respect to the Property, plaintiff assisted decedent with making repairs and improvements, as well as making two mortgage payments to avoid foreclosure.  In exchange, plaintiff contends decedent made her a beneficiary in a purported will.

Following decedent's death, his relatives, including Bertulli, were "nowhere to be found"; declined to administer his estate; and declined to appear in the subsequent probate proceedings.  As a result, the trial court appointed the public administrator to administer decedent's estate.  Plaintiff alleges the public administrator thereafter wrongfully evicted her from the Property, sold the property for less than market value, and rejected three creditor's claims that plaintiff filed in the probate proceedings.

Based upon these allegations, plaintiff purported to state causes of action for (1) violation of California Code of Civil Procedure section 1708; (2) violation of the Fourth Amendment of the United States Constitution; (3) violation of the Fourteenth Amendment of the United States Constitution; (4) "common counts"; (5) violation of Code of Civil Procedure 366.2; (6) violation of Code of Civil Procedure section 708.210;

4

(7) violation of Code of Civil Procedure section 22; (8) negligence; and (9) violation of the First Amendment of the United States Constitution. She named several relatives, including Bertulli, as defendants in her claims for "common counts," negligence, and violations of Code of Civil Procedure sections 366.2, 708.210, and 22. With respect to all of these causes of action, plaintiff requested an award of "general, special, compensatory and punitive damages," as a result of defendants' tortious acts in evicting her from the Property and denying her creditor's claims.

C. *Demurrers, Ruling, and Judgment*

On January 28, 2021, Bertulli filed a demurrer to the third amended complaint, arguing that it failed to state any viable cause of action against her. On January 29, the County filed its own demurrer arguing that the third amended complaint failed to state a cause of action; some of plaintiff's claims were barred by collateral estoppel; and it was entitled to immunity.

On March 9 and 23, 2021, the trial court held hearings on the County's and Bertulli's demurrers, during which all parties appeared and presented oral argument. Reporter's transcripts of the hearings were not made part of the record on appeal. The trial court sustained the demurrers, without leave to amend. Judgments were entered in favor of both defendants, and plaintiff appeals from these judgments.

III. DISCUSSION

A. *General Legal Principles and Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] In reviewing the sufficiency of a complaint against a general demurrer, [the]

5

court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-43.)

A court of appeal "applies two separate standards of review on appeal from a judgment of dismissal after a demurrer is sustained without leave to amend. [Citation.] We first review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law." (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595 (*Aguilera*).) When conducting our de novo review, "[i]f a complaint is insufficient on any ground specified in a demurrer, the order sustaining the demurrer must be upheld even though the particular ground upon which the court sustained it may be untenable." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 440; see *Webb v. City of Riverside* (2018) 23 Cal.App.5th 244, 251.)

"Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend. [Citation.] . . . An abuse of discretion is established when 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.' " (*Aguilera*, *supra*, 174 Cal.App.4th at p. 595.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

B.  *The Trial Court Did Not Err in Concluding Plaintiff Failed To State a Cause of Action*

1.  <u>We are Not Bound by Plaintiff's Characterization of Her Claims</u>

Here, the third amended complaint purports to state nine "cause[s] of action." However, as we explain, at least three of those purported causes of action are based upon statutes that simply cannot be interpreted as giving rise to independent claims.

"In reviewing the trial court's ruling on a demurrer, we are not bound by the label attached to a cause of action by the pleader; rather, we examine the factual allegations to determine whether a cause of action is (or can be) stated on *any* available legal theory." (*North American Chemical Co. v. Superior Court* (1997) 59 Cal.App.4th 764, 786.) " 'The courts of this state have . . . long since departed from holding a plaintiff strictly to the "form of action" he has pleaded and instead have adopted a more flexible approach of examining the facts alleged to determine if a demurrer should be sustained.' " (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38-39.)  Thus, "[w]e ignore erroneous or confusing labels in the pleading and look to its gravamen to determine what cause of action is stated." (*Navarrete v. Meyer* (2015) 237 Cal.App.4th 1276, 1283.)

The first cause of action purports to state a claim based upon a violation of "Code of Civil Procedure" section 1708.  There is no such provision in the Code of Civil Procedure.  To the extent plaintiff intended to cite Civil Code section 1708, that provision provides:  "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."  However, this statute

7

"states only a general principle of law" and does not create an independent cause of action. (*Ley v. State of California* (2004) 114 Cal.App.4th 1297, 1306.)

More importantly, this purported cause of action is premised upon the allegation that the public administrator engaged in a seizure of plaintiff's assets without proper notice, and these facts are identical to those alleged in the second and third causes of action for violation of plaintiff's constitutional rights. To the extent plaintiff is seeking to invoke Civil Code section 1708 to obtain damages for an alleged constitutional violation, the California Supreme Court has explicitly held that the statute does not support recognition of an independent action for damages in this context. (See *Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 327-328 [statute does not afford plaintiff a damages action to remedy asserted violation of his due process rights]; *Degrassi v. Cook* (2002) 29 Cal.4th 333, 342-343 [statute does "not support recognition of a constitutional tort action for damages"].) Thus, the purported first cause of action does not set forth an independent basis of liability. It is merely a reiteration of the second and third causes of action and does not need to be considered separately from those claims.

The fifth cause of action consists of nothing other than a citation to Code of Civil Procedure section 366.2, which sets forth the statute of limitations for bringing a claim against a decedent's estate. (Code Civ. Proc., § 366.2) There are no independent factual allegations suggesting what act or omission forms the basis of this claim.

The seventh cause of action consists of nothing other than a citation to Code of Civil Procedure section 22, which sets forth the definition of the term "action." (Code

Civ. Proc., § 22.)  Again, there are no independent, factual allegations suggesting what act or omission forms the basis of this claim.

Thus, despite plaintiff's attempt to style three independent causes of action based upon these statutes, these statutes set forth no independent legal duty that could form the basis of a cause of action and will be disregarded.  (*Citizens for a Responsible Caltrans Decision v. Department of Transportation* (2020) 46 Cal.App.5th 1103, 1116 [On appeal following the sustaining of a demurrer, the Court of Appeal "must disregard allegations that are contrary to law . . . ."].)  At best, we believe the third amended complaint can only be read to state six, plausible claims for recovery:  (1) a claim for violation of the Fourth Amendment; (2) a claim for violation of the Fourteenth Amendment; (3) a "common counts" claim; (4) a judgment creditor action (Code Civ. Proc., § 708.210); (5) a claim for negligence; and (6) a claim for violation of the First Amendment.

2.  We Grant the County's Request for Judicial Notice

Additionally, before proceeding to examine the factual allegations of the third amended complaint, we address the County's request for judicial notice.  On August 19, 2021, the County requested we take judicial notice of (1) the register of actions from the probate proceeding related to the administration of decedent's estate in Riverside County Superior Court Case No. PRMC1901063, and (2) this court's opinion in plaintiff's appeal from the order appointing the public administrator in that action (*Estate of Rinaldo*, *supra*, E074575).  We reserved ruling on the request to be considered with the merits of this appeal and, for the reasons set forth below, we grant the request.

9

"In addition to the facts actually pleaded, the court considers facts of which it may or must take judicial notice" when ruling on a demurrer.  (*Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 517.)  This is because "a demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed."  (*Scott v. JPMorgan Chase Bank*, *N.A.* (2013) 214 Cal.App.4th 743, 751-752.)  Generally, the existence of judicial opinions and court documents, along with the truth of the results reached, are proper matters for judicial notice.  (*People v. Woodell* (1998) 17 Cal.4th 448, 455 (*Woodell*); Evid. Code, § 452.)  Thus, both of the matters identified in the County's request are proper subjects of judicial notice and relevant to the disposition of the issues presented on appeal.  The taking of judicial notice here is particularly appropriate since we are reviewing the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action.

We acknowledge that a formal request for judicial notice was not made in the trial court and, as a general rule, a reviewing court will not take judicial notice of matters that were not presented to and considered by the trial court in the first instance.  (*People v. Hardy* (1992) 2 Cal.4th 86, 134.)  Nevertheless, "[t]he Court of Appeal has the same power as the trial court to take judicial notice of matters properly subject to judicial notice" (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 193), and "the Evidence Code clearly contemplates that, at least in some situations, a reviewing court will grant judicial notice even when the information was not presented to the trial court."

(*Hardy*, at p. 134.) As we explain, the procedural posture of this case presents an exceptional circumstance falling outside the general rule.

First, it is apparent that plaintiff was fully aware of the matters identified in the County's request, even prior to the demurrer proceedings subject of this appeal. On its face, the third amended complaint expressly references the probate proceedings and appeal and further concedes that "[m]any of the issues regarding the public administrator's conduct in this case have been raised" in the related proceedings. Notably, plaintiff does not contend that these documents are reasonably subject to dispute and has not opposed the County's request for judicial notice on appeal.

Second, both parties explicitly referenced and relied upon these matters in their written arguments before the trial court. Indeed, plaintiff continues to refer to these matters in support of her arguments on appeal. Thus, this is not a case in which judicial notice has been requested in order to raise a new issue for the first time on appeal.

Finally, the purpose of the County's request for judicial notice is to support its collateral estoppel arguments. However, the procedural posture of this case strongly suggests the County could not have timely filed a formal request for judicial notice in the trial court for this purpose due to factors outside of its control. Specifically, after issuance of our opinion in *Estate of Rinaldo*, *supra*, E074575, plaintiff petitioned for review with the California Supreme Court, and the high court extended the time for consideration of her petition. As a result, the remittitur following denial of plaintiff's petition was not issued until February 11, 2021. Thus, the County could not have filed a formal request for judicial notice in support of its collateral estoppel arguments when it

11

filed its demurrer on January 29, 2021. (See *Riverside County Transportation Com. v. Southern California Gas Co.* (2020) 54 Cal.App.5th 823, 838 ["[A] judgment is not final for purposes of . . . collateral estoppel if an appeal is pending or could still be taken. . . . [T]he prior order or ruling must be final, in the sense that it is no longer subject to appeal."]; see also *Siry Investments*, *L.P. v. Farkhondehpour* (2015) 238 Cal.App.4th 725, 730 ["[A]n appeal is not final until the court has issued its decision *and* issued the remittitur . . . ."].)

Nor is it apparent that the County could have filed a timely request for judicial notice following issuance of the remittitur. Generally, moving papers in support of a demurrer must be filed at least 16 court days in advance of the hearing. (Code Civ. Proc., § 1005; Rules of Court, rule 3.1300.) The demurrer in this case was set for hearing on March 9, 2021, which would have required the County to file a request for judicial notice and personally serve that request the very day the remittitur issued in order to be considered timely.[3]

For these reasons, we deem it appropriate to grant the County's request for judicial notice. We do not, however, take judicial notice of the truth of any factual recitations in our opinion in *Estate of Rinaldo*, *supra*, E074575. (*Woodell*, *supra*, 17 Cal.4th at p. 455 [The court "cannot take judicial notice of the truth of hearsay statements in decisions or court files."]; *Lockley v. Law Office of Cantrell*, *Green*, *Pekich*, *Cruz & McCort* (2001) 91 Cal.App.4th 875, 886-887 [same].) Thus, we do not necessarily agree with the

---

[3] There were two court holidays between February 11 and March 9, 2021.

12

County that judicial notice resolves any of the specific matters set forth in its brief. Nevertheless, we will consider both the register of actions in Case No. PRMC1901063 and our opinion in *Estate of Rinaldo*, to the extent permitted by the Evidence Code in evaluating the sufficiency of the allegations in the third amended complaint. We proceed in considering the sufficiency of the factual allegations of the third amended complaint, in light of the matters judicially noticed.

3. <u>The Third Amended Complaint Fails to State a Cause of Action for Violation of the Fourth Amendment</u>

The second cause of action alleges the County violated plaintiff's rights under the Fourth Amendment of the United States Constitution. It alleges the public administrator engaged in a seizure by taking possession of real property owned by decedent's estate, in which plaintiff either had an interest or, at the very least, stored items of personal property she owned. We conclude the allegations are insufficient to state a Fourth Amendment violation in the absence of facts to suggest that any alleged seizure was unreasonable.

" ' "The Fourth Amendment proscribes all unreasonable searches and seizures . . . ." ' " (*People v. Wilson* (2020) 56 Cal.App.5th 128, 141.) It's protections "extend to civil as well as criminal matters." (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 271.) A violation of the Fourth Amendment may, in some cases, give rise to a tort claim for damages. (See *Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 307-310.)

13

In order to plead a violation of the Fourth Amendment, a plaintiff must allege facts that show conduct constituting a " 'seizure' " and that the seizure was unreasonable. (See *Brower v. County of Inyo* (1989) 489 U.S. 593, 599; see also *Torres v. City of Madera* (2008) 524 F.3d 1053, 1056.) "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." (*U.S. v. Jacobsen* (1984) 466 U.S. 109, 113.) However, " ' "[t]he ultimate touchstone of the Fourth Amendment is 'reasonableness.' " ' " (*People v. Ovieda* (2019) 7 Cal.5th 1034, 1041; *Terry v. Ohio* (1968) 392 U.S. 1, 9 [" '[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.' "].)

The allegations that plaintiff was evicted from real property in which she may have held a property interest or was otherwise deprived of her personal property are sufficient to allege an interference with a property right constituting a seizure within the meaning of the Fourth Amendment. However, there are no facts suggesting that the alleged seizure was unreasonable under the circumstances of this case. On its face, the third amended complaint admits that the Property was a part of decedent's estate, there was a pending probate action regarding the estate, and the public administrator was appointed by the probate court to administer the estate. The Probate Code expressly grants the administrator the right to take possession of estate property and initiate a legal action to do so. (§§ 9650, 9651, 9654.) Further, with respect to the claimed seizure of personal items within the Property, the law recognizes that an administrator may refuse to surrender such items upon demand by a third party until the administrator has had "a

14

reasonable opportunity to inquire into the claimant's right." (*Giacomelos v. Bank of America Nat'l Trust & Sav. Asso.* (1965) 237 Cal.App.2d 99, 100-101.)

Thus, the facts admitted on the face of the pleading show that the public administrator had the authority and the right to take steps to evict plaintiff from the Property and to, at least temporarily, take possession of any items that may have been stored on the Property. In this context, simply alleging the public administrator initiated an eviction proceeding or took possession of personal property is not sufficient, on its own, to suggest any act or omission by the public administrator was unreasonable. The third amended complaint contains no factual allegations setting forth the manner or method used by the public administrator to evict plaintiff from the property, let alone facts to suggest that such acts were unreasonable. In the absence of such allegations, the pleading does not state a violation of the Fourth Amendment, and the trial court did not err in sustaining the demurrer to this cause of action.

4. The Third Amended Complaint Fails To State a Cause of Action for Violation of the Fourteenth Amendment

The third cause of action alleges the County violated plaintiff's rights under the Fourteenth Amendment of the United States Constitution. Specifically, plaintiff alleges she was denied due process because she was not given notice of the probate proceedings related to the public administrator's taking possession of the Property. We conclude that in light of the facts subject to judicial notice, plaintiff's conclusory allegations are insufficient to state a claim for violation of her due process rights.

15

"The state and federal Constitutions prohibit government from depriving a person of property without due process of law." (*Kavanau v. Santa Monica Rent Control Bd.* (1997) 16 Cal.4th 761, 771; U.S. Const., 14th Amend., § 1.) However, "[i]n civil proceedings, ' " ' "due process requires only that the procedure adopted comport with fundamental principles of fairness and decency. The due process clause of the Fourteenth Amendment does not guarantee to the citizen of a state any particular form or method of procedure." ' " ' " (*Cahill Construction Co., Inc. v. Superior Court* (2021) 66 Cal.App.5th 777, 789.)

Here, plaintiff alleges, generally, that she was deprived of her interest in the Property without due process because she was not given notice. Standing alone, this allegation might have supported a claim that her due process rights were violated. (See *Horn v. County of Ventura* (1979) 24 Cal.3d 605, 612 [Generally, "[d]ue process principles require reasonable notice and opportunity to be heard before governmental deprivation of a significant property interest"].) However, " ' "[a] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." ' " (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102 ["[A]ny allegations that are contrary to the law or to a fact of which judicial notice may be taken will be treated as a nullity."]; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751 ["[A]llegations in the pleading may be disregarded if they are contrary to facts judicially noticed."].)

Here, the register of actions in Case No. PRMC1901063, of which we have taken judicial notice, contradicts plaintiff's conclusory claims that she was not given notice.

16

Specifically, plaintiff appealed the trial court's order appointing the public administrator the day after the order was made and before letters of administration had even issued. Thereafter, the public administrator notified the trial court of the rejection of each of plaintiff's creditor's claims and obtained special instructions from the trial court regarding the disposition of the Property. The record further discloses that plaintiff filed written opposition to the request for special instructions in the probate proceedings.

Thus, even assuming plaintiff had a protectable property interest at stake, the facts subject to judicial notice establish plaintiff was aware of the probate proceedings and actively participated in those proceedings, even to the point of filing a written opposition to the request for special instructions involving disposition of the very Property she now claims was wrongfully taken. In light of this record, plaintiff's conclusory allegation that she was not given notice is insufficient to state a claim for violation of her due process rights under the Fourteenth Amendment. At the very least, plaintiff needed to allege why she believes notice was insufficient and how the lack of such notice deprived her of a fair hearing on any matter. Absent such allegations, the third amended complaint fails to allege a violation of plaintiff's due process rights, and the trial court did not err in sustaining the demurrer to this cause of action.

5. <u>The Third Amended Complaint Fails to State a Cause of Action for Common Count</u>

The fourth cause of action purports to state a claim for common count. We conclude that this claim seeks the same relief and is premised upon the same facts as the second and third causes of action and, as such, must fail for the same reasons.

17

a. *The common count cannot be used to recover damages*

" 'A common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . .' " (*Professional Collection Consultants v. Lujan* (2018) 23 Cal.App.5th 685, 690.) Thus, the common count cannot be used to recover damages. (*Weitzenkorn v. Lesser* (1953) 40 Cal.2d 778, 793-794 [plaintiff cannot recover contract damages under common count]; *Zumbrun v. University of Southern California* (1972) 25 Cal.App.3d 1, 14 [plaintiff cannot recover tort damages under common count].) Nor can the common count be used to enforce contractual provisions other than the payment of money after all other covenants and conditions of a contract have been met. (*Moya v. Northrup* (1970) 10 Cal.App.3d 276, 281)

Here, the only relief requested pursuant to all of plaintiff's purported causes of action was for "general, special, compensatory and punitive damages." Other than damages, no other forms of relief were requested, either generally or pursuant to any specific claim. Thus, despite plaintiff's use of the label "common count" to describe the fourth cause of action, it is apparent from the substantive allegations of the pleading that she has not alleged a claim that could properly be characterized as a common count. Where the liability she seeks to enforce is something other than the return of money, such as an award of damages, the cause of action stated is not truly one for common count.

b. *The common count is subject to demurrer when based upon the same facts as specifically pleaded causes of action*

Because the plaintiff's use of the phrase "common count" in the third amended complaint is a misnomer, we will look to the other causes of action alleged to determine whether the demurrer was properly sustained. This is because "[w]hen a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 394-395; *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1048 [same].)

As we have already noted, all of plaintiff's purported causes of action seek the same recovery. Accordingly, the common count is clearly used merely as an alternative way of seeking the same recovery as other causes of action. Additionally, the factual basis of the common count claim is the public administrator's rejection of plaintiff's creditor claims in the related probate action. These same acts are alleged as the basis of plaintiff's claims for violation of her constitutional rights under the Fourth and Fourteenth Amendments. Thus, the claim is based on the same facts as causes of action for which we have already concluded the demurrer was properly sustained, and we find no error in the trial court's sustaining of the demurrer to the common count.

c. *Plaintiff's attempt to reframe the common count claim on appeal does not require a different conclusion*

On appeal, plaintiff argues that her common count claim was intended as a separate action pursuant to section 9353 for the purpose of pursuing independent claims

19

against decedent's estate. However, this characterization appears to rely upon numerous allegations that appear nowhere in the third amended complaint[4] and, when reviewing the adequacy of a complaint following sustaining of a demurrer, "we do not go beyond the four corners of the complaint, except as to matters which may be judicially noticed." (*Thorburn v. Dep't of Corr.* (1998) 66 Cal.App.4th 1284, 1287-1288.)

Moreover, we agree with the trial court's interpretation that the third amended complaint was not a suit for recovery against decedent's estate. Neither the title of the pleading nor any of the substantive allegations suggested the public administrator was being sued in a representative capacity. (See *Plumlee v. Poag* (1984) 150 Cal.App.3d 541, 547 [substantive allegations of complaint must suggest suit is against an administrator in a representative capacity, as opposed to individual capacity, and use of the word "administrator" alone is not sufficient].) Plaintiff named other relatives as defendants pursuant to the common count claim, which implies the claim was not intended as a claim against the estate. Moreover, the substantive allegations of the pleading identified the administrator's acts as the basis for liability, not the acts or omissions of the decedent; the prayer for relief explicitly stated that recovery was being sought for the public administrator's "tortious offense" in rejecting plaintiff's claims; and the prayer for relief further clarified that reference to the rejection of the creditor's claims was intended as an example of the public administrator's alleged "willful negligence," "illustrating [defendants] wrongfully felt they had no duty to act on the evidence of the

---

[4] Nor has plaintiff cited to the record to suggest where she may have made many of these allegations in her pleadings before the trial court.

20

claims or investigate the claims at all before denying them." These allegations do not suggest that any claims in the suit were brought as claims against the decedent but instead as claims against the public administrator.

Finally, we note that, even if we were to read the common count cause of action in the manner plaintiff now suggests, the cause of action would still have been subject to demurrer. As the County correctly points out, section 9350 provides a limitations period of 90 days to file an independent action following the rejection of a creditor's claim (§§ 9350, 9353), and this limitations period applies " ' "regardless of the time otherwise remaining on the statute of limitations." ' " (*Estate of Holdaway* (2019) 40 Cal.App.5th 1049, 1056.) Plaintiff's creditor's claims were rejected on February 14, 2020, and plaintiff made no reference to the creditor's claims in any of her pleadings until September 28.[5] Thus, had the third amended complaint reasonably suggested the public administrator was being named in a representative capacity regarding these underlying claims, the statute of limitations could have been asserted and would have barred any such cause of action. In such a circumstance, this court is permitted to consider such a defense in affirming the judgment on appeal. (See *Anderson v. McNally* (1957) 150

---

[5] "An amended complaint is considered a new action for purposes of the statute of limitations . . . if the claims do not 'relate back' to an earlier timely-filed complaint . . . . [A]n amendment relates back to the original complaint if the amendment: (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality." (*Pointe San Diego Residential Community*, *L.P. v. Procopio*, *Cory*, *Hargreaves & Savitch*, *LLP* (2011) 195 Cal.App.4th 265, 276.) A cause of action against decedent's estate involves a fundamentally different claim than one against the public administrator in his or her individual capacity and would not relate back to prior pleadings that do not mention any creditor's claim against the estate.

Cal.App.2d 778, 784 [where record shows that plaintiffs "could not allege truthfully . . . that their action was filed within the statutory period," there is no prejudice warranting reversal, even if statute of limitations was not raised as a ground for demurrer in the trial court].)

6. The Third Amended Complaint Fails To State a Cause of Action for Recovery on a Judgment

The sixth cause of action alleged a violation of Code of Civil Procedure section 708.210, which provides a cause of action for a judgment creditor against third parties in possession of a judgment debtor's property. However, " '[w]hen a pleader wishes to avail himself of a statutory privilege or right given by particular facts, he must show the facts, and those facts which the statute requires as a foundation of the action must be stated in the complaint.' " (*Green v. Grimes-Stassforth Stationery Co.* (1940) 39 Cal.App.2d 52, 56; *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 604 ["[F]acts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled."].) By its very terms, the cause of action set forth in Code of Civil Procedure section 708.210 is only afforded to a judgment creditor who has obtained a money judgment. Plaintiff has not alleged any facts to suggest she has obtained a money judgment against any person, let alone any of the defendants.[6]

---

[6] We also observe that, to the extent plaintiff contends she has claims against decedent's estate, "money judgments against the decedent, or the personal representatives in their representative capacities, on a claim against the decedent's probate estate are not enforceable against the estate under the Enforcement of Judgments Law." (*Dobler v. Arluk Medical Ctr. Indus. Group* (2001) 89 Cal.App.4th 530, 537.)

Absent such an allegation, the trial court did not err in sustaining the demurrer to this cause of action.

      7.  <u>The Third Amended Complaint Fails To State a Cause of Action for Negligence</u>

      The eighth cause of action purports to state a claim for negligence. The substantive allegations of this claim allege that Bertulli, as well as other family members of decedent who are not parties to this appeal, "had a duty to care for the estate" and "neglected this duty" because they "declined to administer the estate" and "declined to appear in the probate case." On appeal, the County contends this claim is "only against other defendants"; although the third amended complaint does purport to allege this claim against "all defendants," and the County argued in the trial court proceedings as if the negligence claim were asserted against it. We need not resolve this ambiguity because, even assuming plaintiff intended to allege a negligence claim against the County, we conclude the allegations of the third amended complaint are insufficient to state a cause of action against any defendant.

      "A complaint which lacks allegations of *fact* to show that a legal duty of care was owed is fatally defective. [Citation.] The existence of such a duty is properly challenged by demurrer and is a question of law for the court." (*Hegyes v. Unjian Enters.*(1991) 234 Cal.App.3d 1103, 1111; *Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 316 [demurrer to negligence claim appropriate "where the allegations of the complaint fail to disclose the existence of any legal duty owed by the defendant to the plaintiff"].)

With respect to Bertulli, the allegations that she failed to take actions to administer decedent's estate or involve herself in the probate proceedings do not suggest the existence of a legal duty. "[N]onfeasance generally does not give rise to a legal duty. The underlying premise is that 'a person should not be liable for "nonfeasance" in failing to act as a "good Samaritan." ' " (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 531.) Generally, in the absence of a special relationship, there is no affirmative duty to act for the protection of another's interests. (*Ibid.*) Thus, a claim for negligence cannot be premised merely on allegations that Bertulli should have acted in a manner that might have protected plaintiff's interests.

With respect to the County, the allegations of the negligence claim do not incorporate the allegations set forth in support of any other causes of action alleged in the third amended complaint. Further, as the County now points out on appeal, the attachment containing plaintiff's negligence allegations does not specifically identify the County or the public administrator as a defendant against whom the allegations are directed. In the complete absence of any factual allegations setting forth the basis of this claim against the County, the third amended complaint simply does not state a cause of action for negligence.[7] Absent allegations of fact from which it can be inferred that any

---

[7] We also note that even if the County or public administrator had been identified as a defendant in the negligence allegations, the trial court also concluded that the County was entitled to immunity. We find no error in this determination. "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Gov. Code, § 820.2.) Absent an express legislative intent to withhold or withdraw the statutory immunity in a specific

*[footnote continued on next page]*

defendant owed a legal duty of care to plaintiff and breached that duty, the third amended complaint fails to state a cause of action for negligence.

8. The Purported Cause of Action for Violation of the First Amendment Is Barred by Collateral Estoppel

The ninth cause of action alleges a violation of plaintiff's rights under the First Amendment of the United States Constitution. The allegations do not identify which, if any, of the defendants this claim is directed against. Nevertheless, plaintiff alleges her constitutional rights were violated because "[t]he government has no place in an uncontested estate with no other parties appearing." This is, in essence, the same issue plaintiff raised in her appeal of the trial court's order appointing the public administrator to administer decedent's estate in *Estate of Rinaldo*, *supra*, E074575. Because this court resolved that issue against plaintiff on appeal, we conclude the claim is barred by the doctrine of collateral estoppel.

"Collateral estoppel (also known as issue preclusion) prevents relitigation of previously decided issues. [Citation.] Issue preclusion applies ' "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity

situation, the immunity extends to all discretionary acts, even those in breach of a duty imposed by common law or another general statute. (*Caldwell v. Montoya* (1995) 10 Cal.4th 972, 986.) The public administrator is a government employee within the meaning of Government Code section 820.2 with respect to "acts or omissions . . . in his capacity as administrator of [a decedent's estate] in the course of administration of that estate." (*Saltares v. Kristovich* (1970) 6 Cal.App.3d 504, 515.) Thus, even if plaintiff had alleged an act or omission by the public administrator constituting the breach of a common law or statutory duty, it would not be sufficient to state a cause of action.

25

with that party." ' [Citation.] The doctrine of issue preclusion applies to final orders in proceedings under the Probate Code." (*Key v. Tyler* (2019) 34 Cal.App.5th 505, 534.)

"[C]ollateral estoppel does not require a final and full adjudication of the merits of the underlying action. It requires only a final adjudication of the issue sought to be precluded in the second action." (*Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1180; *Border Business Park*, *Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1560 [While "res judicata requires a final judgment, . . . an adjudication which is not a final judgment may, under some circumstances, be given preclusive effect under the doctrine of collateral estoppel."].) This doctrine has particular application here because, in the context of probate proceedings, " '[t]he orders listed as appealable in the Probate Code must be challenged timely or they become final and binding.' " (*Estate of Reed* (2017) 16 Cal.App.5th 1122, 1127.)

Here, in challenging the trial court's authority to appoint a public administrator to administer decedent's estate, plaintiff explicitly challenged the trial court's authority to initiate probate proceedings in the absence of a disputed petition. Our opinion in *Estate of Rinaldo*, *surpa*, E074575, of which we have taken judicial notice, resolved this issue against plaintiff on both procedural grounds and on the merits, holding the trial court did in fact have authority to initiate proceedings and appoint the public administrator, even in the absence of a disputed petition by an interested party. That order is final as against plaintiff, and plaintiff is barred by the doctrine of collateral estoppel from seeking to relitigate the same issue. As such, the demurrer to this cause of action was properly sustained.

C. *Plaintiff Has Not Shown an Abuse of Discretion in The Trial Court's Denial of Leave To Amend*

Finally, we review the trial court's denial of further leave to amend for abuse of discretion. We deem any claim that the trial court abused its discretion forfeited and, even in the absence of forfeiture, we conclude plaintiff has not met her burden to show an abuse of discretion.

Plaintiff's opening brief contains no discussion of the trial court's denial of leave to amend or the possibility that any defect can be cured by amendment. As such, we must deem the issue waived or abandoned on appeal. (*Golden Door Properties*, *LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555.) Further, in order to meet her burden to show an abuse of discretion on appeal, plaintiff "must submit a proposed amended complaint . . . or 'enumerate the facts and demonstrate how those facts establish a cause of action.' " (*Reid v. City of San Diego* (2018) 24 Cal.App.5th 343, 369; *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 444.) Plaintiff has not done so here. Thus, even in the absence of forfeiture, we would conclude plaintiff has failed to meet her burden to establish an abuse of discretion.

## IV.  DISPOSITION

The judgment is affirmed.  Respondents to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                  

J.

We concur:

McKINSTER          

           Acting P. J.

RAPHAEL           

             J.